503 So.2d 356 (1987)
Kelvin Everett ESTEEN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1166.
District Court of Appeal of Florida, Fifth District.
February 5, 1987.
Rehearing Denied February 27, 1987.
*357 James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
After defendant's motion to suppress evidence was denied, a jury trial resulted in his conviction of unlawful possession of cocaine and unlawful possession of a controlled substance less than 20 grams. Defendant appeals the judgment, contending that his motion to suppress the evidence should have been granted. We affirm.
Defendant did not testify at the suppression hearing. The uncontradicted testimony at the hearing revealed these facts. Shortly after midnight on May 7, 1984, Florida Highway Patrol Trooper Robert Vogel was in his marked vehicle parked on the median of I-95. Parked alongside him in another patrol car was Trooper Collins and his narcotics dog, Dixie. Vogel observed a northbound car traveling at about 45 MPH and driving in an erratic fashion, which he described as "weaving within the right lane; in other words, executing an S shape up the Interstate." Vogel testified that he followed the car for about half a mile, and because the manner of operation was consistent with the behavior of a person driving under the influence of alcohol or drugs, or of a person falling asleep at the wheel, he pulled the car over.
The defendant immediately exited his vehicle and met Vogel between the patrol car and defendant's car. Vogel testified that the defendant "appeared very nervous. He was unable to stand still. He was talking very rapidly. And his eyes were very widely open." When defendant was unable to produce a driver's license or any other identification, Vogel asked him for the papers on the rental car.
Defendant walked to the passenger side window, tapped on it, and the passenger rolled down the window. Vogel shined his flashlight inside the vehicle as the passenger was locating the rental papers to make sure the passenger was not getting a weapon. In doing so, Vogel saw a clear plastic baggie, which contained a substance he recognized as marijuana, on the dashboard in front of the passenger. Vogel then placed both the defendant and passenger under arrest. Trooper Collins, who also testified at the hearing, had followed Vogel to the scene of the stop, and brought Dixie to the car. She alerted to the marijuana on the dashboard and also to the glovebox. A subsequent search of the glovebox revealed approximately two ounces of cocaine. The trial court, in denying the motion to suppress, found that the stop of defendant's vehicle was justified "due to its unusual operation, i.e., weaving and slow rate of speed" and that the subsequent search and seizure of the drugs was lawful.
With regard to the seizure, appellant argues only that because the stop was illegal, the subsequent search and seizure of the drugs was unlawful. If, on the other hand, the stop was valid, as the State contends, the officer had a right to seize the contraband in open view on the dashboard, Ensor v. State, 403 So.2d 349 (Fla. 1981), and arrest the occupants of the car. Based on the valid arrest, he could then proceed to search the passenger compartment of the car even had the narcotics dog not been present. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
The defendant strenuously argues that this case is exactly like United States v. Smith, 799 F.2d 704 (11th Cir.1986) where Trooper Vogel stopped a weaving vehicle, not because of the way it was being operated, but because the driver fit a drug courier *358 profile the trooper had developed. The court held that the stop was "pretextual," concluding that no officer would have stopped the vehicle under those same circumstances, absent the officer's "hunch" that the driver was engaged in illegal activity. The fact that Vogel could have lawfully stopped the car to investigate the possibility of drunk driving was not, in the court's opinion, material or sufficient to justify a stop for an "invalid purpose." This court has rejected the use of a "pretextual" analysis on the grounds that "such an inquiry is not only essentially irrelevant to the proper ones, which are the existence and validity of any asserted objective grounds for the detention, ... but that even phrasing the question in that subtly pejorative fashion may skew the result." State v. Irvin, 483 So.2d 461, 463 at n. 4 (Fla. 5th DCA), pet. for rev. denied, 491 So.2d 279 (Fla. 1986).
But even were we to agree with the legal principles espoused in Smith, the facts in this case are quite different. In Smith, the officer clearly intended to stop the car because the driver fit the drug profile and would have done so in any event. He did not stop it because of an apparent traffic violation. In this case, Vogel testified that he did not have any suspicion that the driver was transporting drugs and that he stopped the car only because of his concern that the driver was drunk or asleep, or because the vehicle might be having some mechanical difficulty. In Bailey v. State, 319 So.2d 22 (Fla. 1975), although finding that the subsequent search of a vehicle was illegal because the officer had no reason to believe that a crime had been or was being committed, the court held that the initial stop was valid, stating:
Because of the dangers inherent to our modern vehicular mode of life, there may be justification for the stopping of a vehicle by a patrolman to determine the reason for its unusual operation. In this instance, although no vehicular regulation was being violated, it seemed strange to the officer that the vehicle was proceeding at only 45 miles per hour [on the Florida Turnpike] and was weaving, although not so much as to move out of its lane on one side or the other. Perhaps some of the possibilities occurring to the officer were defective steering mechanism or that the operator was driving under the influence of alcohol or some other drug.
Id. at 26.
For these same reasons, the record supports the trial court's finding that Vogel was justified in making the stop. Because the stop was valid, the seizure of the marijuana in open view was also valid, as was the seizure of the cocaine in the glove compartment discovered in the search following the arrest of the defendant and his passenger. We find no basis for disturbing the trial court's ruling on this issue.
Defendant correctly contends that the imposition of $200 in costs pursuant to section 27.3455, Florida Statutes (1985) was error. Because defendant's crimes were committed prior to the effective date of section 27.3455, the imposition of costs pursuant to that statute was error. Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986). Accordingly, we modify the judgment by striking this item of costs, and certify to the Supreme Court of Florida the same question certified in Yost.
AFFIRMED AS MODIFIED. QUESTION CERTIFIED.
COBB and COWART, JJ., concur.