512 So.2d 1106 (1987)
Freddie SPANN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-17.
District Court of Appeal of Florida, Fifth District.
September 17, 1987.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals from a judgment and sentence, entered by the trial court below after the jury found him guilty of trafficking in cocaine. On appeal, the defendant argues that the trial court erred in denying his motion to suppress. We affirm.
On March 21, 1986, at 7:50 A.M., an automobile rented to the defendant and in which defendant was riding as a passenger at the time, was stopped on the Florida Turnpike by a state trooper, after the trooper had observed the vehicle weave over the center line "at least three times" while traveling at about 40 miles an hour. When the driver got out of the car, the trooper observed contraband on the floor *1107 of the car. After consent to search was given, subsequent investigation disclosed marijuana and cocaine in the glove compartment and armrest of the car.
The defendant argues that the stop for the alleged traffic violation was a pretext, because the violation was minimal, and that the real reason the trooper stopped the car was because he suspected it might contain drugs. The trial court found that the trooper had observed a traffic violation and that this was a lawful basis for the stop.
Defendant acknowledges our holdings in Esteen v. State, 503 So.2d 356 (Fla. 5th DCA 1987) and State v. Irvin, 483 So.2d 461 (Fla. 5th DCA), review denied, 491 So.2d 279 (Fla. 1986), where we rejected the "pretextual stop" analysis of United States v. Smith, 799 F.2d 704 (11th Cir.1986), but asks us to reexamine those cases and adopt the reasoning of Smith. There is no evidence in this record that the trooper suspected the defendant and his traveling companions of any criminal activity. So far as this record is concerned, the evidence supports the trial court's finding of a stop solely for a traffic violation. But even if we accept the defendant's contention, that the officer suspected criminal activity, our supreme court has very recently held that:
"A lawful investigatory stop for a traffic violation is not invalidated by the fact that an officer would not have stopped a defendant but for the suspicion that the defendant was involved in criminal activity." State v. Ogburn, 483 So.2d 500, 501 (Fla.3d DCA 1986). Moreover, stopping a person suspected of further criminal activity for a minor traffic infraction for which any citizen could be stopped is not an unlawful pretext stop. Bascoy v. State, 424 So.2d 80 (Fla.3d DCA 1982).
Hansbrough v. State, 509 So.2d 1081 (Fla. 1987).
Although not specifically referring to Esteen and Irvin, Hansbrough would appear to sustain the principle which we adopted there. The trial court found that defendant's car was stopped because of a traffic violation, and the evidence supports that conclusion. The stop was thus valid and the consent search which followed was lawful.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.