526 So.2d 192 (1988)
The STATE of Florida, Appellant,
v.
Marco FERNANDEZ, Appellee.
No. 87-1420.
District Court of Appeal of Florida, Third District.
June 7, 1988.
Rehearing Denied July 19, 1988.
Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellant.
Howard, Butler & Melfa and William Butler, Towson, Md., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The state challenges and we reverse an order of suppression in a prosecution for drug possession and trafficking.
At dusk on May 20, 1986, according to their uncontroverted and essentially unimpeached testimony, officers Garcia and Gonzalez of the Metro Dade Police Department were on routine patrol in a police cruiser, when they noticed a vehicle heading *193 west on Bird Road with no light illuminating the license plate. Because this was a violation of sections 316.217(1) and 316.221(2), Florida Statutes (1985),[1] they pulled the vehicle over. It was driven by the defendant-appellee Fernandez, who was previously unknown to the officers. During the stop, they discovered that Fernandez did not have a driver's license in his possession, in violation of section 322.15(1), Florida Statutes (1985).[2],[3] As the statute authorizes, they placed him under arrest for that offense. The concededly proper search[4] of the vehicle which followed yielded a quantity of marijuana and a kilo of cocaine. Upon motion of the defendant, however, the trial judge suppressed the contraband on the ground that "the stop of the Defendant's vehicle [was] unlawful and used as a pretext to an illegal search." We do not agree.
Although the trial judge purported to find the testimony of the officers at the motion to suppress "not credible," he was not free to do so. A court must accept evidence which, like the material testimony of the police officers, is neither impeached, discredited, controverted, contradictory within itself, or physically impossible. Flowers v. State, 106 Fla. 686, 143 So. 612 (1932); Brannen v. State, 94 Fla. 656, 114 So. 429 (1927); Harris v. State, 104 So.2d 739 (Fla. 2d DCA 1958); see State v. Navarro, 464 So.2d 137 (Fla. 3d DCA 1984). This rule is plainly applicable here. Nothing justifies a factual finding contrary to the officers' testimony on the key issue in this case: the basis of the initial stop of Fernandez's car. (Even the fact that the tag light was not operative was confirmed by subsequent examination of the vehicle by an investigator employed by the defendant.) Thus, there is no ground for the legal conclusion that the stop was a "pretextual" one.[5] Indeed, that issue does not ever arise unless there is a suggested alternative reason for the stop  usually related to the officer's wish to apprehend the driver because of information or belief that he was guilty of some other offense. See Kehoe v. State, 521 So.2d 1094 (Fla. 1988). But, to coin a phrase, there is not a shred of evidence that these officers had known Fernandez, had any suspicion concerning him or had any reason to do anything but to enforce the traffic laws of our state, something, with respect to the unlit tag violation, they had done on countless occasions before. See Cope v. State, 523 So.2d 1270 (Fla.5th DCA 1988). Thus, in the pure sense, the "pretextual stop" body of law does not apply at all.
If the question is, however, put in those terms for sake of analysis, the result is the same. A stop is not termed "pretextual" *194 if the offender's conduct was such that the police "would have" stopped him regardless of any other motive. See Kehoe v. State, 521 So.2d at 1097. In these circumstances, that standard is conclusively met by the very fact that the officers, without any other reason for the stop, in fact effected it. See Hansbrough v. State, 509 So.2d 1081 (Fla. 1987); Spann v. State, 512 So.2d 1106 (Fla. 5th DCA 1987); Esteen v. State, 503 So.2d 356 (Fla. 5th DCA 1987); State v. Irvin, 483 So.2d at 463. Hence, the stop was neither more than nor less than a simple one for violation of a traffic law and was therefore permissible as a matter of law. See State v. Cobbs, 411 So.2d 212 (Fla. 3d DCA 1982). The contraband thereafter seized was thus the thoroughly edible fruit of a constitutionally sound tree and the order suppressing it is
Reversed.
NOTES
[1] 316.217 When lighted lamps are required. 

(1) Every vehicle operated upon a highway within this state shall display lighted lamps and illuminating devices as herein respectively required for different classes of vehicles, subject to exceptions with respect to parked vehicles, under the following conditions;
* * * * * *
316.221 Taillamps. 
(2) Either a taillamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear. Any taillamp or taillamps, together with any separate lamp or lamps for illuminating the rear registration plate, shall be so wired as to be lighted whenever the headlamps or auxillary driving lamps are lighted.
[2] 322.15 License to be carried and exhibited on demand. 

(1) Every licensee shall have his operator's or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same upon the demand of a patrol officer, peace officer, or field deputy or inspector of the department.
[3] There was a dispute between the officers and Fernandez, which the trial judge resolved against the state, concerning whether Fernandez had other identification in the vehicle. Since whether he did or not has no effect upon the undisputed violation of the driver's license requirement, we consider the controversy wholly immaterial.
[4] The search was conducted after arrest pursuant to New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Moreover, since the officers almost immediately saw marijuana on the front seat, the search of the rest of the vehicle was also justified by United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
[5] See State v. Irvin, 483 So.2d 461 (Fla. 5th DCA 1986), review denied, 491 So.2d 279 (Fla. 1986).