619 So.2d 1031 (1993)
Eusebio RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-2630.
District Court of Appeal of Florida, Third District.
June 8, 1993.
*1032 Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant, Eusebio Rodriguez (Rodriguez), appeals from his conviction of attempted second degree murder with a firearm. We affirm.
This case concerns whether using a defendant's pre-arrest silence to impeach his credibility violates a defendant's Fifth Amendment rights.
The facts are brief. After an argument with his wife, Rodriguez went to a closet and brought out a gun. Although Rodriguez initially aimed the gun at his wife's chest, the gun misfired. On a second attempt at firing the gun, Rodriguez shot his wife in the leg.
Rodriguez then called the police. When the officer arrived, Rodriguez immediately told the officer that he had "shot his wife and was turning himself in."
At trial, Rodriguez testified that the shooting was accidental. Over objection, the trial court allowed appellee, the State, to cross-examine Rodriguez about whether Rodriguez told the officer that the shooting was accidental. Rodriguez replied that he failed to tell the officer that the shooting was accidental.
Rodriguez contends that the State's inquiry into his failure to inform the officer that the shooting was accidental violated his Fifth Amendment right. The State asserts that there is no Fifth Amendment violation when impeaching a defendant's credibility by using his pre-arrest, pre-Miranda silence.
"The use of pre-arrest silence to impeach a defendant's credibility does not violate the Constitution." Jenkins v. Anderson, 447 U.S. 231, 240, 100 S.Ct. 2124, 2130, 65 L.Ed.2d 86, 96 (1980). Impeaching a defendant's credibility with pre-Miranda silence is proper because a police officer has yet to assure the defendant that such silence cannot be used against him. Brecht v. Abrahamson, ___ U.S. ___, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).
Here, as in Jenkins and Brecht, when Rodriguez first claimed the shooting was accidental at trial, it was proper for the State to impeach his testimony by inquiring whether Rodriguez had previously told the officer that the shooting was accidental.
In addition, a defendant's right to remain silent is not violated when a defendant testifies in his own defense and is impeached with his prior silence. Jenkins, 447 U.S. at 238, 100 S.Ct. at 2129. Under these circumstances, "impeachment follows the defendant's own decision to cast aside the cloak of silence and advances the truth-finding function of the criminal trial." Id.
When Rodriguez's trial statement differed from his spontaneous statements to the officer, the State's inquiry into the appellant's pre-Miranda silence was proper in *1033 order to impeach the inconsistent testimony.
Affirmed.