641 So.2d 483 (1994)
Don Q. PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1441.
District Court of Appeal of Florida, Fifth District.
August 19, 1994.
*484 David S. Glicken, of Law Office of David S. Glicken, P.A., Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
Don Q. Parker was convicted of trafficking in cocaine found under the passenger seat of a vehicle which was in his sole possession. He was the driver and only occupant. He raises three points on appeal: pretextual stop and invalid consent; inadequate proof of knowing possession; and prosecutorial misconduct. We affirm.
The officer testified that he stopped the vehicle because it had an obscured license tag and was being driven erratically. Parker claims he was stopped merely because he was a black man driving north in Brevard County. This was a factual dispute decided adversely to Parker. See Esteen v. State, 503 So.2d 356 (Fla. 5th DCA 1987); Spann v. State, 512 So.2d 1106 (Fla. 5th DCA 1987). Once stopped, Parker does not contest that he consented to the search. He urges, however, that he was coerced into giving his consent because he was detained in cold weather (he was wearing a short-sleeved shirt) for nearly an hour before he consented. But the officer testified that the consent was given within five or ten minutes of the stop. Again, that is a factual dispute determined by the finder of fact adversely to Parker.
Next, Parker urges that since he testified that earlier in the day his nephew had possession of his vehicle, there was an inadequate showing that he knew the cocaine was in his vehicle. But when a motorist is in the exclusive possession of a vehicle, his knowledge of cocaine found therein may be inferred. Cordero v. State, 589 So.2d 407 (Fla. 5th DCA 1991). Further, the jury is free to believe or disbelieve the defendant. The jury apparently did not believe that Parker's nephew had possession of his vehicle or, if he had such possession, that he left the cocaine behind. The question of exclusive possession is properly determined by the jury. Jordan v. State, 548 So.2d 737 (Fla. 4th DCA 1989).
Finally, Parker objects to the prosecutor's presentation of certain rebuttal testimony and to his comments made during closing argument. Parker took the stand and, after testifying that his nephew must have put the cocaine in his vehicle, claimed that he was "surprised" that the officer found cocaine in his vehicle. The following rebuttal took place:

*485 [THE STATE]: When you found the cocaine in Mr. Parker's car did you show it to him?
[TROOPER DUNCAN]: Yes, sir, I did.
[THE STATE]: Did he act surprised?
[TROOPER DUNCAN]: No, sir, he did not.
[THE STATE]: Stunned?
[TROOPER DUNCAN]: No, sir.
[THE STATE]: A look on his face like, oh, my God?
[TROOPER DUNCAN]: He just looked at me and I asked him did he know what it was and he just shook his head.
[THE STATE]: When you prepared your report, did you know that Mr. Parker was going to come into court and say that he was totally surprised this cocaine was there?
[TROOPER DUNCAN]: No, sir.
Parker's surprise (or lack of surprise) was put in issue by Parker. As Professor Ehrhardt explains:
A witness may "open-the-door" during his testimony to impeachment concerning matters that would not otherwise be permissible. Under this concept, the adverse party may be able to introduce extrinsic evidence to contradict a specific factual assertion made during the testimony of the witness, even if it pertains to an otherwise collateral matter.
Ehrhardt, Florida Evidence § 608.1 (2d Ed. 1984). See also Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954) (when the defendant on direct examination initiates an inquiry regarding specific prior conduct other than a criminal conviction, the prosecution may bring forth extrinsic evidence in an attempt to establish prior conduct contrary to the defendant's assertion). In the instant case, Parker's affirmative answer that he was surprised when the cocaine was discovered opened the door for the State to impeach him on this point by rebuttal testimony to the effect that Parker's demeanor and actions did not indicate surprise. Further, once the defendant has taken the stand, the prosecution may prove his pre arrest and pre Miranda silence if such silence is inconsistent with his "at trial" testimony. See Rodriquez v. State, 619 So.2d 1031 (Fla. 3d DCA), rev. denied, 629 So.2d 135 (Fla. 1993).
During closing argument, the prosecutor stated:
Ladies and Gentlemen, I submit to you, if somebody has been accused of trafficking a half a pound of cocaine, when their day in court comes they're going to get on that witness stand and if they truly did not know that cocaine was there and truly are not guilty, they are going to be screaming with a passion that is going to come from the gut that you're going to see coming from every pore of that person's body. They are going to be screaming to the Heavens, I'm not guilty, this is not my cocaine... . And the State has the burden of proving everything, that's true. Mr. Parker came in here and told you it was his nephew and a couple of other friends that were in that car. Well, I guess the nephew could clear it up for us if he wanted to.
We find nothing improper about these comments. First, the comments during closing argument regarding the defendant's lack of zeal in denying guilt were comments on Parker's demeanor as a witness. While the supreme court has recognized that comments about a defendant's courtroom demeanor when he is off the witness stand are improper, Pope v. Wainwright, 496 So.2d 798 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987), in the instant case, Parker took the witness stand to testify in his own behalf. In doing so, he subjected himself, as does every witness, to opposing counsel's comments regarding his credibility and demeanor as a witness. The prosecution's comments regarding Parker's failure to more vehemently deny his guilt while on the witness stand were not improper.
Parker's complaint that the State improperly commented on his failure to produce his nephew as a witness is also without merit. As the court in Highsmith v. State, 580 So.2d 234, 236 (Fla. 1st DCA 1991) explained:
The general rule in this area is that an accused criminal defendant may bring his *486 own credibility into issue by taking the stand and testifying. In so doing, if the defendant makes it appear that a potential witness could exonerate him, then, to that extent, the prosecuting attorney has the right to comment.
See also Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984).
AFFIRMED.
COBB and W. SHARP, JJ., concur.