821 So.2d 1187 (2002)
The STATE of Florida, Appellant,
v.
Sean CASEY, Appellee.
No. 3D02-04.
District Court of Appeal of Florida, Third District.
July 24, 2002.
Robert A. Butterworth, Attorney General, and John D. Barker, Assistant State Attorney, for appellant.
*1188 Hirsch & Markus, and Milton Hirsch, Miami, for appellee.
Before GERSTEN, SHEVIN, and SORONDO, JJ.
PER CURIAM.
We reverse the order granting the defendant's motion to suppress. A trial court is required to accept evidence which has not been impeached, discredited, controverted, contradictory within itself or physically impossible. See State v. Moreno, 558 So.2d 470 (Fla. 3d DCA 1990); State v. G.H., 549 So.2d 1148 (Fla. 3d DCA 1989).
Here, the only evidence presented at the suppression hearing was the testimony of the police officers. The testimony of the police officers was not impeached, discredited, controverted, contradictory within itself or physically impossible. Therefore the trial court was required to accept this evidence, and it was error to grant the motion to suppress. See State v. Fernandez, 526 So.2d 192 (Fla. 3d DCA 1988). Accordingly, we reverse the order below.
Reversed.