PER CURIAM.
J.Q. appeals an order finding that he committed a delinquent act and withholding adjudication of delinquency. J.Q.’s claim on appeal is that the trial court erred in denying his motion to suppress his statements. J.Q. contended that when the police detective showed him a baggie of cocaine, this amounted to conducting a custodial interrogation without warning J.Q. of his Miranda rights.[1]
At the hearing on the motion to suppress, only one witness testified: the detective. The detective testified that he arrested J.Q., handcuffed him, and placed him in his police car. The detective testified that he asked J.Q. identification questions but denied that he conducted any interrogation. The detective stated that J.Q. made spontaneous statements saying that the encounter was a mistake, that the drugs were not his, and that he was holding the drugs for somebody else. Neither side asked the detective whether he showed J.Q. a baggie of cocaine. As no other witness testified, the detective’s testimony was uncontradicted. J.Q. argued that the judge should find that the detective’s testimony was incredible. The trial court rejected this argument and denied the motion to suppress evidence. We see no basis on which we can overturn the trial court’s ruling on the motion to suppress. See State v. Casey, 821 So.2d 1187 (Fla. 3d DCA 2002).
Immediately after the denial of the motion to suppress evidence, the trial began. The detective was recalled to the stand and the parties inquired of the detective in greater detail. The detective again testified that he arrested J.Q. and placed him in the police car. This time the detective testified that J.Q. asked him why he was being arrested. The detective testified that he explained to J.Q. why he was being arrested and showed J.Q. the baggie of cocaine. According to the detective, J.Q. said that the drugs were not his and that he was holding them for a friend.
J.Q. testified differently. He stated that the detective handcuffed him and put him in the car. He testified that when he asked the detective why he was being arrested, the detective questioned him about who was doing illegal acts in the area. According to J.Q., it was not until the end of the questioning that the detective showed him the baggie of cocaine. J.Q. also denied saying that he was holding the drugs for a friend, or making any incriminating statements.
In closing argument, J.Q. argued, again, that the detective was not credible. The trial judge found J.Q. had committed the *993 offense of possession of cocaine. In so doing, the trial court necessarily resolved the conflict in testimony in favor of the detective.
Accepting the detective’s testimony as being true, we affirm on authority of Perez v. State, 980 So.2d 1126 (Fla. 3d DCA 2008). In that case the defendant was administered Miranda rights and after some questioning, the defendant invoked his right to silence and right to counsel. The detective ceased questioning. As the detective walked out of the interview room, the defendant asked what he was charged with. Id. at 1130 n. 2. The detective told the defendant what the charges were, and showed him a picture of another man who the State ultimately charged as a codefen-dant in the case. The defendant then made an incriminating statement in response to seeing the photograph. We concluded that showing the picture to the defendant did not amount to interrogation. Id. at 1130.
Similarly here, the detective testified that when J.Q. asked him what he was charged with, the detective told him the charge and showed him the baggie of cocaine.
For the stated reasons, we affirm the order now before us.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)