# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1823
Lower Tribunal No. CF20-003947-XX

_____

RASHAD DARNELE GIBSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Michelle O. Pincket, Judge.

November 14, 2025

NARDELLA, J.

Rashad Gibson appeals his conviction for trafficking in amphetamine arguing that the trial court erred by denying his motion for judgment of acquittal. Upon de novo review, *see Dubois v. State*, 363 So. 3d 246, 247 (Fla. 6th DCA 2023), we affirm because the State adduced sufficient evidence of possession and knowledge of the contraband.

"All possession crimes may be either actual or constructive." *Sundin v. State*, 27 So. 3d 675, 676 (Fla. 2d DCA 2009) (citing *Chicone v. State*, 684 So. 2d 736,

738 n.2 (Fla. 1996)). "Under either theory of possession . . . the State must prove that the accused had control of the contraband." *Sanders v. State*, 210 So. 3d 246, 248 (Fla. 2d DCA 2017) (quoting *G.G. v. State*, 84 So. 3d 1162, 1164 (Fla. 2d DCA 2012)). Here, the State's evidence showed that Gibson was the driver and sole occupant of the vehicle in which the contraband was found, and that the contraband was in Gibson's plain view and ready reach. *Cf. Lee v. State*, 835 So. 2d 1177, 1180 (Fla. 4th DCA 2002) ("Lee's presence, as driver and sole occupant of the vehicle at the time of his arrest, is sufficient to show he exclusively possessed the vehicle, creating an inference of his dominion and control and guilty knowledge of the marijuana.").

Gibson's testimony that he had no knowledge of the contraband and that other people were in the car earlier in the day does not render the State's evidence insufficient. Rather, once the State adduced sufficient evidence to support each element of the crime, any dispute in the facts is to be resolved by the jury. *See Parker v. State*, 641 So. 2d 483, 484 (Fla. 5th DCA 1994) ("[T]he jury is free to believe or disbelieve the defendant. . . . The question of exclusive possession is properly determined by the jury.").

AFFIRMED.

STARGEL and MIZE, JJ., concur.

Blair Allen, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED