940 So.2d 1259 (2006)
STATE of Florida, Appellant,
v.
Marion BURROWS, Appellee.
No. 1D05-5857.
District Court of Appeal of Florida, First District.
November 6, 2006.
*1260 Charlie J. Crist, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellee.
HAWKES, J.
The jury convicted the defendant of possession of cocaine. After the jury returned its verdict, the trial judge granted a *1261 defense motion for a judgment of acquittal. On appeal, the State of Florida argues the trial court erred in granting the motion. We agree.

Facts
An officer, patrolling a high drug area in an unmarked police vehicle, observed the defendant and another man near the road. The two men were standing face-to-face, behind a waist-high bush at the end of a "cut through" trail next to a vacant lot. When he spotted the unmarked police vehicle, the defendant looked surprised and made a downward throwing motion with his hand. The officer then stopped his vehicle, approached the men, and asked them what they were doing. The defendant responded by stating "he was urinating or fixing to."
When the officer saw the defendant make the throwing motion, he did not see anything actually leave the defendant's hand because his view was partially obscured by a bush. The officer did, however, find crack cocaine on the ground where both men had been standing only moments earlier. One piece of the crack cocaine was lying loose on top of the ground, and another piece was wrapped in a tinfoil package. Even though the crack cocaine was found late in the day and at the end of a trail people used to get through the woods, the cocaine did not appear dirty nor did it appear to have been stepped on. As a result of seeing the defendant's hand motion, observing the defendant's surprised look, hearing the defendant's unlikely explanation of what he was doing, and finding the clean-looking crack cocaine where the defendant had just been standing, the officer seized the evidence and arrested the defendant for possession of a controlled substance. FDLE testing confirmed crack cocaine.

Procedural History
The State charged the defendant with unlawfully and knowingly being in actual or constructive possession of a controlled substance (crack cocaine). The case proceeded to trial. At the end of the State's case in chief, the defense moved for judgment of acquittal on the ground that the State failed to present a prima facie case for possession of cocaine. The trial court took the motion under advisement, and allowed the case to go to the jury. The jury found the defendant guilty. After the verdict, the trial court revisited the motion for judgment of acquittal, and concluded the State's evidence was insufficient to show the defendant was in constructive possession of the crack cocaine. Based on this conclusion, the trial court granted the motion for judgment of acquittal and ordered the defendant released from custody.

Standard of Review
A trial court's ruling on a motion for judgment of acquittal is reviewed de novo to determine whether the evidence is legally sufficient to support the jury's verdict. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002). In criminal cases, legal sufficiency, as opposed to evidentiary weight, is the appropriate concern of the district court, and a heightened standard of proof required in a trial court does not change the standard of review here. See McKesson Drug Co. v. Williams, 706 So.2d 352, 353-4 (Fla. 1st DCA 1998). It is well settled that, when reviewing a judgment of acquittal, the appellate court must apply the competent, substantial evidence standard and "consider the evidence and all reasonable inferences from the evidence in a light most favorable to the [S]tate." Jones v. State, 790 So.2d 1194, 1197 (Fla. 1st DCA 2001) (en banc) (citations omitted); see also, Darling v. State, 808 So.2d 145, 156 (Fla.2002). "If the State has presented competent evidence to establish every element of the crime, then a judgment *1262 of acquittal is improper." State v. Williams, 742 So.2d 509, 510 (Fla. 1st DCA 1999).

Circumstantial Evidence Cases
When reviewing a judgment of acquittal in a wholly circumstantial evidence case, the appellate court must determine whether the State presented competent evidence from which the jury could exclude every reasonable hypothesis except guilt. See Darling v. State, 808 So.2d 145, 156 (Fla.2002); State v. Law, 559 So.2d 187, 188-89 (Fla.1989). "The State is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events." Darling, 808 So.2d at 156 (quotation marks omitted). "After the judge determines, as a matter of law, whether such evidence exists, the question of whether the evidence is inconsistent with any other reasonable inference is a question of fact for the jury." Gordon v. State, 704 So.2d 107, 112-13 (Fla.1997) (quotation marks omitted). "Once that threshold burden is met [by the State], it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt." Darling, 808 So.2d at 156 (citation omitted). We cannot reverse the jury's verdict if there is competent, substantial evidence to support the verdict. See Thorp v. State, 777 So.2d 385, 389 (Fla.2000) (citations omitted). When the State presents both direct and circumstantial evidence, the special standard of review applicable to circumstantial evidence cases does not apply. See Pagan, 830 So.2d at 803. Here, the State presented both direct and circumstantial evidence.[1] Consequently, when reviewing the evidence in a light most favorable to the State, we must only determine whether the State presented competent, substantial evidence to establish every element of the crime. See Jones, 790 So.2d at 1197; Williams, 742 So.2d at 510.

Burden to Prove Constructive Possession
The defendant's motion for judgment of acquittal alleged the State failed to present a prima facie case for possession of crack cocaine. To establish possession of cocaine, the State must present competent, substantial evidence supporting each of the three elements of possession: (1) The defendant possessed a controlled substance; (2) The controlled substance was cocaine; and (3) The defendant had knowledge of the presence of the cocaine and was aware of its illicit nature. See Fla. Std. Jury Instr. (Crim.) 25.7. The first element of the crime of possession can be established by showing the defendant's possession was either actual or constructive. To establish constructive possession the State must show: (1) The defendant had dominion and control over the contraband; (2) The defendant had knowledge that the contraband was within his presence; and (3) The defendant was aware of the illicit nature of the contraband. See Williams, 742 So.2d at 512; Bradshaw v. State, 509 So.2d 1306, 1308-09 (Fla. 1st DCA 1987). Dominion and control may be established by showing the contraband was located in a place where the defendant had relinquished control by concealing it or in a place where the defendant had thrown it.
Here, the State presented evidence that the defendant looked surprised when he *1263 spotted a law enforcement officer, he made a throwing motion with his arm as the officer watched, he offered the officer a doubtful explanation of his activities when the officer inquired what was going on, and the crack cocaine was found on top of the ground in the immediate area where the defendant had been standing. From this evidence, the jury certainly could conclude the defendant was able to exercise dominion and control over the cocaine found on the ground where he was standing, which would establish the first element of constructive possession. Both the second element, the defendant had knowledge of the presence of the cocaine, and third element, the defendant was aware of its illicit nature, could be established by the jury's acceptance of the surprised look, throwing motion, and unlikely explanation as to the defendant's activities.
Given the evidence presented, and after viewing all reasonable inferences from that evidence in a light most favorable to the State, the State presented competent, substantial evidence sufficient to support the jury's factual finding that the defendant was guilty of possession of crack cocaine. We would be required to reach this conclusion even if this were wholly a circumstantial evidence case because we find the State presented competent evidence from which the jury could exclude the defendant's reasonable hypothesis of innocence. Accordingly, we reverse the order granting judgment of acquittal and remand with directions to reinstate the jury's verdict.
REVERSED and REMANDED with directions.
ALLEN, J., concurs; BENTON, J., dissents.
NOTES
[1] Testimony by the FDLE analyst provided direct evidence concerning the illicit nature of the substance, identifying it as cocaine. The State was not solely relying upon circumstantial evidence because establishing the substance was cocaine was the second element of the crime charged.