OPINION OF THE COURT
Marc J. Whiten, J.
In a time when individual liberty is under attack and when many in our citizenry and government seem predisposed to offer up an unidentified degree of personal freedom in exchange for the perceived premium of greater security, we must resist striking an unwise bargain in the interpretation and administration of our laws. As founding father Benjamin Franklin observed, “They that give up essential liberty to obtain a little temporary safety deserve neither liberty nor safety.” In this *308 case, the court is called upon to consider the degree to which an individual’s freedom can be constrained by police suspicion and preliminary investigation. The defendant, Edward Beam, is charged with reckless endangerment (Penal Law § 120.20), obstruction of governmental administration in the second degree (Penal Law § 195.05) and attempted tampering with physical evidence (Penal Law §§ 110.00, 215.40 [2]), and has moved to dismiss the information as facially insufficient, as well as for various other relief. For the following reasons, defendant’s motion is granted and this information is dismissed.
In order to be facially sufficient, an information must substantially conform to the formal requirements of CPL 100.15. Additionally, the factual portion and any accompanying depositions must provide reasonable cause to believe the defendant committed the offense charged, as well as nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]).
The requirement of nonhearsay allegations has been described as a “much more demanding standard” than a showing of reasonable cause alone (People v Alejandro, 70 NY2d at 139, quoting 1968 Report of Temp St Commn on Rev of Penal Law and Crim Code, Intro Comments, at xviii); however, it is nevertheless a much lower threshold than the burden of proof beyond a reasonable doubt (People v Henderson, 92 NY2d 677, 680 [1999]; People v Hyde, 302 AD2d 101 [1st Dept 2003]). Thus, “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged” (People v Sylla, 7 Misc 3d 8, 10 [2d Dept 2005]). Finally, where the factual allegations contained in an information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004]; People v Jacoby, 304 NY 33, 38-40 [1952]; People v Knapp, 152 Misc 368, 370 [1934], affd 242 App Div 811 [1934]; People v Allen, 92 NY2d 378, 385 [1998]; People v Miles, 64 NY2d 731, 732-733 [1984]; People v Shea, 68 Misc 2d 271, 272 [1971]; People v Scott, 8 Misc 3d 428 [Crim Ct, NY County 2005]).
*309 In this case, the information alleges that at four o’clock in the morning at 46th Street and 9th Avenue in New York County, a police officer observed the defendant holding “what appeared to be a marijuana cigarette” in his left hand. The information further alleges that when the officer approached the defendant, the defendant ran into traffic on a public highway “where multiple vehicles were in motion,” and that the officer observed the defendant throw the item he held in his left hand, thereby preventing the officer from recovering the item.
Defendant argues that all three counts in the accusatory instrument are facially insufficient. Regarding the reckless endangerment charge, defendant argues that the allegations are insufficient to establish every element of the offense, because “running into traffic” does not demonstrate a “substantial risk of serious physical injury” to another person. Penal Law § 120.20 states that a person is guilty of reckless endangerment in the second degree when he or she engages in conduct which creates a substantial risk of serious physical injury to another person. In light of the fact that “serious physical injury” is defined as that which “creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ” (Penal Law § 10.00 [10]), the defendant’s argument is persuasive. It is certainly possible, and possibly even somewhat likely, that defendant or another person might have experienced some sort of injury from an automobile accident caused by defendant’s sudden and swift entry into the roadway. Nevertheless, on the facts alleged, this court can neither find nor infer that a substantial and unjustifiable risk of serious physical injury was created by defendant’s hasty jaywalking. In order to establish that defendant engaged in reckless endangerment, the risk created by a defendant’s conduct must be foreseeable (see People v Reagan, 256 AD2d 487 [2d Dept 1998]) and the conduct must actually create a risk of serious physical injury (see Matter of Kysean D.S., 285 AD2d 994 [4th Dept 2001]). Accordingly, the count is dismissed.
The count charging obstruction of governmental administration is likewise facially insufficient. Regarding the obstructing charge, Penal Law § 195.05 provides that
“[a] person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or at *310 tempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.”
To be facially sufficient, the charge of obstructing governmental administration must allege an act of (1) intimidation, (2) physical force or interference, or (3) an independently unlawful act (■see People v Stumpp, 129 Misc 2d 703, 704 [Suffolk Dist Ct 1985], affd 132 Misc 2d 3 [App Term, 2d Dept 1986]). No existing statute or legal concept requires a citizen, by premonition or prognostication, to divine an officer’s future intent to effectuate an arrest by reading the officer’s mind. Absent some express and lawful order, directive or command by a police officer to engage in, or refrain from, some particular action, the defendant’s disposal of an unidentified object — which the police only “assumed” was contraband — is not inculpatory, and certainly not a basis for a legally sufficient charge of obstructing governmental administration.
The obvious and well-settled intent of the statute is to allow police officers to go about their business without any obstacles put in their way (see People v Crayton, 55 Misc 2d 213 [1967]). Activities such as refusing to obey orders (see Decker v Campus, 981 F Supp 851 [1997]), physically resisting arrest (see Matter of Shannon B., 70 NY2d 458 [1987]), interfering with the arrest of another (Matter of Carlos G., 215 AD2d 165 [1st Dept 1995]), or assaulting a police officer (see People v Joseph, 156 Misc 2d 192 [1992]) are all typical of acts that are properly charged as obstructing governmental administration. The commonality in these offenses is an intentional insertion of one’s self or one’s intentions into steps taken by police officers to fulfill their duties. By comparison, in the present case, defendant was withdrawing himself and deserting the scene, apparently attempting to avoid any interaction with the officers; and in the absence of a lawful order, his departure cannot be said to be criminal. The court cannot require citizens to predict, assume or infer the directives of police authorities by surmise, thought transference or other faulty or fanciful manner.
The last charge, attempted tampering with physical evidence, is also hereby dismissed. A person is guilty of tampering with physical evidence when,
“[b]elieving that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by *311 any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person” (Penal Law § 215.40 [2]).
The facts alleged do not support this charge in two ways. First, defendant correctly asserts that, in the absence of any allegation concerning what, if anything, the officer was able to smell or observe that made him believe that the item was marijuana, the court cannot engage in speculation and conjecture as to the nature of the item discarded by the defendant. Thus, if the item discarded was not something which it is illegal to possess, there would be no basis upon which to infer that the defendant intended to prevent the production of the item in any prospective proceeding. Second, the act of dropping a physical object before, or while, fleeing the police does not fit within the several specifically enumerated ways that one might suppress physical evidence as proscribed by the statute. However, this court finds that discarding items before or while fleeing is not what is contemplated by the statute and declines to expand the statute’s reach to that end.
In the case presently before the court, the defendant’s alleged behavior may have been suspicious to the officers who observed him, warranting further investigation. However, even while viewing these allegations in the light most favorable to the People (see People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept 2000]), it is clear that they insufficiently plead any actual offense. Accordingly, defendant’s motion to dismiss for facial insufficiency is granted.