SHEPHERD, J.
 

 Engino Jenkins appeals a jury verdict finding him guilty of possession of crack cocaine with intent to sell within 1000 feet of a school in violation of section 893.13(l)(c)l, Florida Statutes (2006). The substance was not recovered during the police “takedown.” The only evidence the substance was crack cocaine was the testimony of Detective Raymond Robertson, who observed the transaction with the assistance of eight-power binoculars at distance of forty-five to fifty feet. Officer Robinson could not identify the substance; he could say only the transaction he saw was consistent with “thousands” of similarly illegal “hand-to-hand transactions” he had seen throughout his career.
 

 Section 893.13(l)(c) provides in pertinent part:
 

 [I]t is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property compris
 
 *319
 
 ing a child care facility ... or a public or private elementary, middle, or secondary school....
 

 To satisfy the elements of the offense of possession of cocaine with intent to sell within 1000 feet of a school, the State must establish that (1) the appellant sold, manufactured, delivered, or possessed; (2) a controlled substance; (3) within 1000 feet; (4) of a school or child care facility. Although the officer testified he had a clear view of the transaction, he did not testify he saw the substance or could identify it other than by custom.
 

 Because this case arrives here on appeal from a denial of a motion for judgment of acquittal at the close of the State’s case, the question before us is whether the evidence presented by the State was legally sufficient at this stage of the proceeding to support the charge.
 
 Lynch v. State,
 
 293 So.2d 44, 45 (Fla.1974). This being the same question that was before the trial court when ruling on the motion initially, we effectively review the trial court decision de novo.
 
 Jones v. State,
 
 790 So.2d 1194, 1197 (Fla. 1st DCA 2001). Applying this standard, it is our task, therefore, to determine simply whether — construing the evidence in a light most favorable to the State — the State presented competent substantial evidence to establish each element of the crime.
 
 See State v. Burrows,
 
 940 So.2d 1259, 1262 (Fla. 1st DCA 2006).
 

 The controlling question in this case is whether the State presented competent, substantial evidence concerning the second element of the crime, the nature of the substance involved in the transaction. This element can be proven through circumstantial proof, which may include:
 

 evidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence[.]
 

 United States v. Dolan,
 
 544 F.2d 1219, 1221 (4th Cir.1976).
 

 The evidence in this case reflects that — acting on a tip from other detectives that narcotics were being sold at a place called the Hampton House, located in a high crime area — members of a Miami-Dade Police Department narcotics team deployed to the location. Detective Robertson, whose specialty is surveillance and buys, served as the “eyeball” for the team. Detective Robertson described this transaction as a typical “two-hand” transaction by which crack cocaine (as distinguished from other forms of cocaine) is, for some reason, frequently delivered. In this case, Detective Robertson observed a white Ford Explorer approach the appellant. An individual stepped out of the vehicle and handed the appellant cash. A third individual at the scene left and then returned with the alleged crack cocaine. That individual gave the substance to the appellant, who in turn handed it to the driver of the Explorer, who exited the scene. Detective Robertson then signaled the “takedown” team to arrest the appellant. A search of the appellant produced $153 from one of his pockets. Detective Robertson testified he had watched similar transactions occur for a couple of hours before executing the “takedown” in this case. The record is unclear whether the appellant was a participant in any of the
 
 *320
 
 earlier transactions.
 
 [1]
 

 Although the transaction in this case occurred in broad daylight and Detective Robinson had an unobstructed view of the appellant, he was not near enough to the transaction to describe or identify the substance exchanged, even with the aid of the eight-power binoculars with which he was furnished. The totality of the proof offered to meet the element that the substance exchanged was a controlled substance was the following:
 

 Q. Officer, why did you believe it was a drug transaction that occurred?
 

 A. I’ve seen lots of them, and I saw that it was going to be crack cocaine because, for some reason, a lot of times when they do sales of crack cocaine powder, they’ll hand over crack cocaine, [for] some reason the buyers open their hand and the sellers will drop it in and count it, and I had a clear view with binoculars when he was dropping it in their hand.
 

 Seeking to sustain the conviction in this case, the State argues Detective Robertson’s description of the familiar manner in which the transaction occurred was sufficient for the jury to infer the substance was crack cocaine. In support of this argument, the State seeks to invoke a “special standard of review,” more usually intoned by defendants, where convictions result from circumstantial evidence. As explained in
 
 State v. Law,
 
 559 So.2d 187, 188 (1989):
 

 [This] special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence. Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse.
 

 (emphasis added) (citations omitted). However, where one or more of the elements of the crime are proven by direct evidence, this heightened standard of review is not applicable.
 
 Burrows,
 
 940 So.2d at 1262.
 
 [2]
 
 In this case, there is direct evidence supporting three of the four elements of the crime. Detective Robertson observed the delivery of the substance. Another detective identified the existence of the nearby school and testified as to the distance from the crime scene to the front door of the school. There was simply no evidence of the nature of the substance.
 

 It is apodictic that the State ultimately must prove each element of the alleged crime to the satisfaction of the jury and beyond a reasonable doubt.
 
 In re Standard Jury Instructions■
 
 — Criminal
 
 Cases (99-1),
 
 765 So.2d 692, 700-01 (Fla. 2000);
 
 see also Archer v. State,
 
 673 So.2d 17, 20 (Fla.1996);
 
 Dallas v. State,
 
 76 Fla. 358, 79 So. 690 (1918). In so doing, the State also is required during its case in chief to present a prima facie case of guilt through the offer of competent substantial evidence on each element of the crime sought to be proven,
 
 State v. Williams,
 
 742 So.2d 509, 511 (Fla. 1st DCA 1999);
 
 Bur
 
 
 *321
 

 rows,
 
 940 So.2d at 1262 (citing
 
 Williams,
 
 742 So.2d at 510), failing which the accused is entitled to a judgment of acquittal at the close of the State’s case.
 
 See, e.g., Casselman v. State,
 
 761 So.2d 482, 484 (Fla. 5th DCA 2000) (reversing upward departure sentence based upon the felony offense of possession of cocaine where sole testimony of the nature of the substance was the officer’s testimony that he “thought” the substance, which was not recovered from the scene, looked like several rocks of crack cocaine);
 
 Jordan v. State,
 
 560 So.2d 315, 318 (Fla. 1st DCA 1990) (quoting
 
 Hodges v. State,
 
 176 So.2d 91, 93 (Fla. 1965) (reversing conviction for soliciting the purchase of cocaine on school property “ ‘when the corpus delicti, that is, that the crime charged had been committed, could be established only by the confession or admission’”));
 
 see also United States v. Baggett,
 
 890 F.2d 1095, 1096 (10th Cir. 1989) (holding evidence to support possession of controlled substances charge against defendant insufficient where government put forth no drug evidence at trial and no testimonial evidence defendant “actually possessed heroin on the day in question”);
 
 United States v. Shelton,
 
 No. 7:05-M-00164, 2005 WL 1801669, at *4 (W.D.Va. July 27, 2005) (finding evidence insufficient to support identification of controlled substance where substance not subjected to chemical analysis or produced at trial, and officer identification at scene not vetted with sufficient testimony of officer’s experiential background);
 
 People v. Beam,
 
 22 Misc.3d 306, 866 N.Y.S.2d 564, 566 (N.Y.Crim.Ct.2008) (holding evidence insufficient to support charge of tampering with physical evidence where officer saw defendant holding “what appeared to be a marijuana cigarette” and defendant promptly discarded the item, which was not recovered). The State failed in this case as to the second element of the offense.
 

 For the foregoing reasons, we reverse the order denying the motion for judgment of acquittal at the close of the State’s case and remand the case to the trial court with direction to enter judgment of acquittal for the appellant.
 

 [1]
 

 . The State agreed that evidence of prior transactions would not be admitted into evidence at trial.
 

 [2]
 

 . For a comprehensive review of the law in this area as it has been applied in Florida, including the reasons for applying a heightened standard where convictions are based upon wholly circumstantial evidence, see
 
 Jones v. State,
 
 466 So.2d 301, 326 (Fla. 3d DCA 1985),
 
 approved
 
 485 So.2d 1283 (Fla. 1986).