People v Anonymous (2020 NY Slip Op 05689)





People v Anonymous


2020 NY Slip Op 05689


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Ind No. 3433/14 Appeal No. 12054 Case No. 2017-2259 

[*1]The People of the State of New York, Respondent,
v
Anonymous, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant. 
Cyrus R. Vance, Jr. District Attorney, New York (Valeria Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J. at suppression hearing; Arlene D. Goldberg, J. at nonjury trial and sentencing), rendered February 21, 2017, convicting defendant of criminal possession of a firearm, unlawfully dealing with a child in the first degree, endangering the welfare of a child, unlawful possession of marijuana, and unlawful possession of ammunition, and sentencing him to an aggregate term of 5 years' probation with a $600 fine and 15 days of community service, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the ammunition and marijuana convictions and dismissing those counts, and otherwise affirmed.
The court properly denied defendant's motion to suppress a statement he made after police entered an apartment he was staying in and informed him that they were present to execute a search warrant for a firearm. Notwithstanding an apparent inconsistency in an officer's testimony, the record supports the hearing court's factual determination that defendant volunteered his admission without being asked for the location of the weapon. Accordingly, Miranda warnings were not required because the officer's declarative statement, simply informing defendant why the police were there, was not reasonably likely to elicit an incriminating statement (see e.g. People v Ealey, 272 AD2d 269 [1st Dept 2000], lv denied 95 NY2d 865 [2000]). In any event, any error in admitting this statement was harmless.
The verdict convicting defendant of possession of a firearm (Penal Law § 265.01-b[1]) was not against the weight of the evidence. Defendant argues that the People were required to prove that he had no license for the pistol, and that they failed to introduce any such proof. Although the People are correct that defendant is essentially raising unpreserved issues of legal sufficiency, statutory interpretation and constitutional law, we also note that weight of the evidence arguments may be addressed to the proof supporting particular elements of a crime, and do not require preservation (see People v Danielson, 9 NY3d 342, 348-49 [2007]). Nevertheless, in performing such review, we are "constrained to weigh the evidence in light of the elements of the crime as charged without objection by defendant" (People v Cooper, 88 NY2d 1056, 1058 [1996]). In this nonjury trial, the record reflects that, at defendant's request, the court applied the standard charge, which does not require the People to disprove the existence of a firearm license.
In any event, we find all of defendant's arguments on this subject unavailing. The exclusionary language defendant relies upon concerning certain validly registered or licensed weapons appears outside of Penal Law § 265.01-b, and functions as a proviso, not an exception (see People v Santana, 7 NY3d 234, 236 [2006]; People v Tatis, 170 AD3d 45, 47-49 [1st Dept 2019], lv denied 33 NY3d 981 [2019]). Contrary to defendant's contention, he therefore had the minimal burden of raising these exemptions in the first instance before the prosecution was required to disprove them beyond a reasonable doubt (id. at 49; People v Psilakis, 148 AD2d 475, 476 [2d Dept 1989], lv denied 73 NY2d 981 [1989]).
In contrast, the language of the ammunition possession statute (Administrative Code § 10-131[i][3]) concerning authorization to possess a pistol or revolver within the City is an exception, not a proviso (Tatis, 170 AD3d at 48). Therefore, the People were required to prove, as an element of the offense, that defendant was not authorized to possess a pistol or revolver, regardless of whether defendant raised the issue in the first instance (id.). The evidence at trial did not establish that fact. Accordingly, we exercise our interest of justice jurisdiction to vacate that conviction.
We have considered and rejected defendant's arguments relating to his convictions of unlawfully dealing with a child in the first degree and endangering the welfare of a child.
Pursuant to CPL 160.50(5), defendant's marijuana conviction was vacated and dismissed by operation of law, independent of any appeal, and without requiring any action by this Court (see People v Jones, 177 AD3d 444 [1st Dept 2019], lv denied 35 NY3d 942 [2020]). In any event, we vacate that conviction. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020