People v Ford (2020 NY Slip Op 51288(U))

[*1]

People v Ford (Barshawn)

2020 NY Slip Op 51288(U) [69 Misc 3d 136(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-761 Q CR

The People of the State of New York,
Respondent, 
against
Barshawn Ford, Appellant. 

Appellate Advocates (Samuel Barr of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Sharon Y. Brodt and
Hannah X. Scotti of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(John Zoll, J.), rendered April 12, 2018. The judgment convicted defendant, after a nonjury trial,
of attempted tampering with physical evidence and unlawful possession of marihuana. The
appeal brings up for review so much of an order of that court (Karen Gopee, J.) dated August 24,
2017 as denied the branch of defendant's motion seeking to dismiss the count charging defendant
with attempted tampering with physical evidence on facial insufficiency grounds, and so much of
an order of that court (Karen Gopee, J.) dated October 30, 2017 as, upon granting reargument,
adhered to its prior determination denying the branch of defendant's motion seeking to dismiss
the accusatory instrument on statutory speedy trial grounds.

ORDERED that the appeal, insofar as is from so much of the judgment as convicted
defendant of unlawful possession of marihuana, is dismissed as academic; and it is further, 
ORDERED that the judgment of conviction, insofar as reviewed, is reversed, on the law, and
the count of the accusatory instrument charging defendant with attempted tampering with
physical evidence is dismissed.
On May 11, 2016, defendant was arraigned on an information charging him with attempted
tampering with physical evidence (Penal Law §§ 110.00, 215.40 [2]), obstructing
governmental administration in the second degree (Penal Law § 195.05) and unlawful
possession of marihuana (former Penal Law § 221.05). According to the accusatory
instrument, on May 10, 2016, a police officer "observed . . . defendant [who was] holding and
smoking a lit marijuana cigarette in a public place open to public view . . . rip said marijuana
cigarette into pieces, throw said pieces over his shoulder behind him into tall grass and some
weeds, thereby preventing the deponent from recovering said marijuana cigarette." The officer
did "recover[] one (1) vial that contained a quantity of marijuana from the defendant's front
sweatshirt pocket," which he identified "based upon his training in the identification and
packaging of controlled substances and marijuana and a field test which deponent performed on
the substance . . . which tested positive for marijuana." 
Defendant moved to dismiss the attempted tampering and obstruction counts on facial
insufficiency grounds and to dismiss the entire accusatory instrument on statutory speedy trial
grounds (see CPL 30.30). By order dated August 24, 2017, the Criminal Court (Karen
Gopee, J.) denied defendant's motion in its entirety. In an order dated October 30, 2017, the
Criminal Court (Karen Gopee, J.) denied the branch of defendant's motion seeking leave to
reargue the branch of his prior motion seeking to dismiss on facial insufficiency grounds, granted
leave to reargue the branch of defendant's prior motion seeking to dismiss on speedy trial
grounds and, upon reargument, adhered to its denial of that branch of defendant's prior motion.
Following a nonjury trial, the court convicted defendant of attempted tampering with physical
evidence and unlawful possession of marihuana, but acquitted him of obstructing governmental
administration in the second degree. Defendant appeals, reasserting that the count of the
accusatory instrument charging him with attempted tampering was alleged insufficiently and that
he was prosecuted beyond statutory speedy trial time limits.
We agree that the attempted tampering charge was alleged insufficiently. The allegation that
defendant's cigarette contained marihuana is wholly conclusory, and hence nonevidentiary.
Although the officer observed defendant smoking a cigarette, he provides no further description,
e.g., a distinctive smell or packaging, to support the bald conclusion that it was specifically a
marihuana cigarette. Absent a sufficient evidentiary allegation of illegality within the four
corners of the accusatory instrument, it would not be reasonable to infer that defendant either
would have believed the cigarette could be used in an official proceeding or would have
attempted to intentionally prevent its production (see Penal Law §§ 110.00,
215.40 [2]; cf. People v Lakins, 63
Misc 3d 139[A], 2019 NY Slip Op 50569[U], *2, n 1 [App Term, 2d Dept, 2d, 11th &
13th Jud Dists 2019] [finding the charge of obstructing governmental administration in the
second degree facially insufficient, and the charge of attempted tampering with physical evidence
"likely facially insufficient," in part because the accusatory instrument "did not state a basis for
the officer's conclusion that the 'loose green vegetative matter,' which was allegedly swallowed,
was, in fact, marihuana"]).
Additionally, the information is devoid of evidentiary allegations that directly or [*2]inferentially demonstrate that defendant destroyed and discarded the
cigarette for the purpose of preventing its recovery. For example, it is not alleged that the officer
was visible to defendant, was in uniform or otherwise identified himself to defendant as a police
officer, was approaching defendant or had verbally ordered defendant to remain in place. "The
court cannot require citizens to predict, assume or infer the directives of police authorities by
surmise, thought transference or other faulty or fanciful manner" (People v Beam, 22 Misc 3d 306,
310 [Crim Ct, NY County 2008], cited with approval in Lakins, 63 Misc 3d 139[A], 2019
NY Slip Op 50569[U], *2 ["the accusatory instrument failed to allege that the police officer had
directed or ordered defendant to engage in or refrain from certain activity"]).
Defendant's conviction of unlawful possession of marihuana "became a nullity by operation
of law, independently of any appeal, and without requiring any action by this [c]ourt," pursuant
to CPL 160.50 (5), effective August 28, 2019 (People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 50439[U],
*1 [App Term, 1st Dept 2020]; see
People v Williams, 65 Misc 3d 154[A], 2019 NY Slip Op 51908[U] [App Term, 1st
Dept 2019] [same]; People v Taite,
65 Misc 3d 137[A], 2019 NY Slip Op 51671[U] [App Term, 1st Dept 2019] [same]). 
In view of the foregoing, defendant's statutory speedy trial argument on appeal is rendered
academic.
Accordingly, the appeal, insofar as is from so much of the judgment as convicted defendant
of unlawful possession of marihuana, is dismissed as academic; the judgment of conviction,
insofar as reviewed, is reversed and the count of the accusatory instrument charging defendant
with attempted tampering with physical evidence is dismissed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020