People v Soodoo (2021 NY Slip Op 21269)

People v Soodoo

2021 NY Slip Op 21269 [73 Misc 3d 16]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, November 24, 2021

[*1]

The People of the State of New York, Respondent,
v
Sunil Soodoo, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, October 7, 2021

APPEARANCES OF COUNSEL

Nassau County Legal Aid Society (Tammy Feman and Marquetta Christy of counsel) for appellant.
Joyce A. Smith, Acting District Attorney (Tammy J. Smiley, Monica M.C. Leiter and Michael K. Degree of counsel), for respondent.

{**73 Misc 3d at 17} OPINION OF THE COURT

Memorandum.

Ordered that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further ordered that the orders are reversed, on the law, and defendant's separate motions to vacate the respective judgments of conviction and dismiss the respective accusatory instruments are granted.{**73 Misc 3d at 18}
On June 3, 2003, defendant, a Guyanese immigrant and lawful permanent resident of the United States, was convicted, upon his plea of guilty, of unlawful possession of marihuana (former Penal Law § 221.05) under District Court docket No. 2003NA008076. On March 2, 2005, defendant was convicted, upon his plea of guilty, of unlawful possession of marihuana under District Court docket No. 2004NA004336. In October 2019, in separate motions, one filed under each docket, defendant moved, pursuant to CPL 440.10 (1) (k), effective August 28, 2019, to vacate the judgments of conviction on the ground that his guilty pleas were not knowingly, voluntarily, and intelligently entered. The People opposed, arguing, among other things, that defendant's motions should be summarily denied as moot, as "there is no conviction for [the District] Court to vacate because defendant's conviction[s] no longer exist[ ]."
In separate orders dated January 24, 2020, the District Court denied the motions, without conducting a hearing, on the ground that defendant "failed to provide sufficient statutory authority in support of any further relief." By decision and order on application dated July 9, 2020, a justice of this court granted defendant leave to appeal from the January 24, 2020 orders (see CPL 450.15 [1]; 460.15). On appeal, the People concede that defendant was entitled to seek additional relief pursuant to CPL 440.10 (1) (k), as well as pursuant to CPL 440.46-a (2), effective March 31, 2021.
Upon our review, we find that the District Court erred in denying defendant's CPL 440.10 (1) (k) motions.
" 'As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (People v Golo, 26 NY3d 358, 361 [2015], quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). Defendant concedes that, under CPL 160.50 (5), effective August 28, 2019, his convictions of unlawful possession of marihuana became nullities by operation of law, independently of any appeal, and without requiring any action by the District Court or this court (see People v Anonymous, 187 AD3d 512 [1st Dept 2020]; People v Jones, 177 AD3d 444 [1st Dept 2019]; People v Ford, 69 Misc 3d 136[A], 2020 NY Slip Op 51288[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 50439[U], *1 [App Term, 1st Dept 2020]; People v Williams, 65 Misc 3d 154[A], 2019 NY Slip Op 51908[U] [App Term, 1st Dept 2019];{**73 Misc 3d at 19} People v Taite, 65 Misc 3d 137[A], 2019 NY Slip Op 51671[U] [App Term, 1st Dept 2019]). However, CPL 160.50 (5), effective August 28, 2019, and as amended effective March 31, 2021, further states in pertinent part:
"(c) Vacatur, dismissal and expungement as set forth in this subdivision is without prejudice to any person or such person's attorney seeking further relief pursuant to article four hundred forty of this chapter or any other law. Nothing in this section is intended or shall be interpreted to diminish or abrogate any right or remedy otherwise available to any person" (emphasis added).
Thus, the plain language of CPL 160.50 (5) (c) explicitly grants defendant the ability to seek further relief pursuant to CPL 440.10. Criminal Procedure Law § 440.10 (1) (k), as amended effective March 31, 2021, states in pertinent part:
"1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that . . .
"(k) The [*2]judgment occurred prior to the effective date of the laws of two thousand twenty-one that amended this paragraph and is a conviction for an offense as defined in subparagraphs (i), (ii), (iii) or (iv) of paragraph (k) of subdivision three of section 160.50 of this part, in which case the court shall presume that a conviction by plea for the aforementioned offenses was not knowing, voluntary and intelligent if it has severe or ongoing consequences, including but not limited to potential or actual immigration consequences . . . . The people may rebut these presumptions" (emphasis added).
Finally, Criminal Procedure Law § 160.50 (3) (k) (iii), as amended effective March 31, 2021, explicitly includes termination of a criminal action or proceeding in favor of a defendant for a conviction of "an offense defined in former section 221.05" of the Penal Law. In enacting CPL 160.50 (5) (c) and 440.10 (1) (k), the legislature recognized that despite the expungement statute of CPL 160.50 (5), some defendants may still face deportation. It is clear from the plain language of these two newly enacted statutes that the legislature wanted to ensure that defendants facing immigration consequences could seek{**73 Misc 3d at 20} further vacatur of their convictions under a state statute that may be recognized for immigration purposes.[FN*]
Therefore, the expungement and vacatur mandate of CPL 160.50 (5), in combination with CPL 440.10 (1) (k)—which creates a rebuttable presumption that defendant's guilty plea to a former marihuana-related offense was not entered knowingly, intelligently, and voluntarily—provided the District Court with sufficient statutory authority in support of defendant's further relief, and the ability to grant such relief in light of defendant's documented ongoing immigration consequences as a result of his marihuana convictions. Indeed, in People v Jones (177 AD3d at 445), the Appellate Division, First Department, stated in pertinent part: "Under CPL 160.50 (5), effective August 28, 2019, defendant's marijuana conviction became a nullity by operation of law, independently of any appeal, and without requiring any action by this Court. In any event, we vacate that conviction" (emphasis added).
Here, defendant meticulously detailed the impending deportation consequences he is currently facing as a result of each of his marihuana-related convictions. Defendant also purportedly attached to his motion papers various documents relating to the underlying criminal cases, as well as his ongoing immigration case. The People stated in their opposition papers that they had directly spoken with United States Immigration and Customs Enforcement regarding defendant's pending deportation case. Thus, there is no question that defendant is facing "severe or ongoing consequences, including but not limited to potential or actual immigration [*3]consequences" as a result of his marihuana-related guilty pleas (CPL 440.10 [1] [k]). In view of the foregoing, and in light of the People's concession on appeal, we reverse the orders and find that the District Court erred in denying defendant's motions pursuant to CPL 440.10 (1) (k) to vacate each judgment of conviction. Consequently, the accusatory instruments under both dockets must be dismissed (see CPL 440.10 [6]).{**73 Misc 3d at 21}
Accordingly, the orders are reversed, and defendant's separate motions to vacate the respective judgments of conviction and dismiss the respective accusatory instruments are granted.
Voutsinas, J.P., Emerson and Driscoll, JJ., concur.

Footnotes

Footnote *:"[W]hen a court vacates an alien's conviction for reasons solely related to rehabilitation or to avoid adverse immigration hardships, rather than on the basis of a procedural or substantive defect in the underlying criminal proceedings, the conviction is not eliminated for immigration purposes" (Pickering v Gonzales, 465 F3d 263, 266 [6th Cir 2006]).