FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0966
_____

ANTONIO JAY WHITE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Santa Rosa County.
James Scott Duncan, Judge.

September 11, 2024


PER CURIAM.

Antonio Jay White appeals his judgment and sentence of lewd and lascivious molestation. On appeal, White asserts that the trial court erred by (1) denying White's motion for judgment of acquittal, (2) permitting certain questions during White's cross-examination, and (3) imposing costs of prosecution. After careful review and consideration, we affirm as to the second and third issues without further discussion. *See Giddens v. State*, 322 So. 3d 745, 747 (Fla. 1st DCA 2021) (explaining that "[b]y law, we cannot reverse a judgment unless we are of the opinion that the error 'injuriously affected the substantial rights of' [the defendant]") (quoting § 924.33, Fla. Stat.)); *Parks v. State*, 371 So. 3d 392, 393 (Fla. 1st DCA 2023) ("Section 938.27(8) establishes a minimum

'[c]osts for the state attorney' assessment as a mandatory cost of prosecution.").

We review a trial court's ruling on a motion for judgment of acquittal de novo "to determine whether the evidence is legally sufficient to support the jury's verdict." *State v. Burrows*, 940 So. 2d 1259, 1261 (Fla. 1st DCA 2006). We apply the competent, substantial evidence standard, and we consider the evidence and all reasonable inferences in a light more favorable to the State. *Id.* "If the State has presented competent evidence to establish every element of the crime, then a judgment of acquittal is improper." *Id.* at 1261–62 (quoting *State v. Williams*, 742 So. 2d 509, 510 (Fla. 1st DCA 1999)).

Lewd and lascivious molestation requires an intentional touching of "the breasts, genitals, genital area, or buttocks, or the clothing covering them." § 800.04(5)(a), Fla. Stat. (2020). White claims the State presented no evidence that he touched the victim's "genitals" or "genital area," because the victim only testified, he touched "[n]ear [her] vagina" and "[n]ot far above it." We disagree.

The version of section 800.04 in effect on the date that White committed the offense did not define "genital area" or "genitals." *See* § 800.04, Fla. Stat. (2020). Even so, the question is whether the State presented competent evidence to establish the element of the crime. We find that the victim's testimony is legally sufficient to permit a reasonable jury to determine that White touched the victim's genitals or genital area.

The victim testified that White "stuck his hands down [her] pants," beneath her underwear, and slid "side to side." The victim also stated that he touched "[n]ear [her] vagina" and "[n]ot far above it." We find that this testimony is legally sufficient to permit a reasonable jury to determine that White touched the victim's genitals or genital area. The ultimate question of whether White, in fact, touched her genitals or genital area is a jury question. *See State v. Sholl*, 18 So. 3d 1158, 1161 (Fla. 1st DCA 2009) (explaining that because the legislature has not defined lewd or lascivious behavior, whether the defendant's behavior violated the statute is a question of fact that must be decided by the jury).

2

AFFIRMED.

OSTERHAUS, C.J., and M.K. THOMAS and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Jessica J. Yeary, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Zachary F. Lawton, Assistant Attorney General, Tallahassee, for Appellee.

3