658 So.2d 1058 (1995)
Bridgette BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00735.
District Court of Appeal of Florida, Second District.
June 23, 1995.
Rehearing Denied July 26, 1995.
*1059 James Marion Moorman, Public Defender, and Joseph F. Bohren, II, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph Hwan-Yul Lee, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Bridgette Brown challenges the trial court's denial of her motion for judgment of acquittal, admission of hearsay evidence and imposition of probation conditions and court costs. We find merit only in her arguments addressing probation conditions and costs. We therefore affirm on the other issues presented without discussion. For the reasons addressed below, we strike certain conditions of her probation and costs imposed.
Brown first challenges condition of probation number four, which provides: "You will neither possess, carry or own any weapons or firearms. You will not possess, carry or own any weapons without first procuring the consent of your [probation] officer." We affirm the portion of this condition that prohibits Brown, a convicted felon, from possessing, carrying or owning a firearm. § 790.23, Fla. Stat. (1991); Hall v. State, 652 So.2d 1197 (Fla. 2d DCA 1995). We strike the second portion of the condition concerning other weapons because it was not announced in open court. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994).
Brown also contests condition seven, which states: "You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used." We strike the portion of this condition that prohibits the excessive use of intoxicants because it was not orally pronounced at sentencing; we affirm the balance of the condition as a precise definition of a general prohibition that need not be announced in court. Tomlinson.
Brown also challenges the court's imposition of the following costs: $255 in court costs, $100 to the court improvement fund and $100 for costs of prosecution. The court cited no statutory authority for these costs, either at the sentencing hearing or in its written order. While Brown's appeal was pending, we decided Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Pursuant to Reyes, we strike the levy of $100 to the court improvement fund because no statute authorizes this cost. We strike the $100 assessment for costs of prosecution. That cost is discretionary and the state did not expressly request it, nor did the court announce it at sentencing. Reyes. As to the $255 charged for court costs, Brown concedes that $200 of that amount is appropriate under section 27.3455, Florida Statutes (1991). As we noted in Reyes, costs under section 27.3455 are mandatory and need not be orally announced. While the additional $55 imposed for court costs may include mandatory costs, we are unable to ascertain this because the written order does not refer to any statutory authority. Accordingly, we affirm costs in the amount of $200 and strike the remaining costs of $255. On remand, the state may seek to reimpose appropriate costs in accordance with Reyes.
Judgment and sentence affirmed, portions of probation conditions and costs assessed stricken.
FRANK, C.J. and THREADGILL, J., concur.