PER CURIAM.
Elvia Wardell Mathews appeals his convictions and sentences for possession of cocaine and possession of cannabis. We affirm his convictions without discussion; however, we strike certain conditions of Mathews’ probation and certain costs imposed by the trial court.
First, the trial court improperly imposed two special conditions of probation without announcing these conditions at sentencing. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). We affirm condition four insofar as it prohibits the ownership or possession of a firearm, but strike the part of condition four relating to weapons. Further, we strike the portion of condition seven that prohibits the excessive use of intoxicants. See Brown v. State, 658 So.2d 1058 (Fla. 2d DCA 1995).
Second, $130 was assessed for prosecution costs. However, at the sentencing hearing, there was no request for such costs as required by section 939.01(1), Florida Statutes (1993). Consequently, this cost must be stricken. On remand, the state may seek to reimpose appropriate costs in accordance with Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). We also strike the assessment of $15 for the Hillsborough County Court Improvement Fund because this assessment is not authorized as a cost under any existing statute. See Reyes.
Accordingly, we affirm the convictions and sentences, but strike portions of the probation conditions and portions of the costs assessed.
SCHOONOVER, A.C.J., and LAZZARA and WHATLEY, JJ., concur.