835 So.2d 1177 (2002)
Terrance Max LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3696.
District Court of Appeal of Florida, Fourth District.
December 26, 2002.
Rehearing Denied February 19, 2003.
*1178 Carey Haughwout, Public Defender, and Jeffrey Anderson and Samuel A. Walker, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.
STONE, J.
Terrance Lee was found not guilty on a charge of possession of cocaine with intent to sell, but was convicted on a companion count of possession of marijuana. He asserts error in the trial court's denial of his motion for judgment of acquittal, contending that the state's proof of his constructive possession of a marijuana cigarette was legally insufficient to create a jury question. He also contends that there was a fundamental error in the jury instructions. We affirm Lee's conviction.
The only evidence adduced at trial relevant to the marijuana charge was that Lee was driving alone in a black Cadillac when arrested, and a marijuana cigarette was later found during the course of an inventory search of the vehicle. The testifying officer, who conducted the search, could not recall where the marijuana was found, i.e., whether in plain view or hidden under the seat or floor mat, and did not make a report of his inventory. Instead, the officer relied on another officer's report for his testimony that the marijuana cigarette was found "on the driver's side floor." The admission of this testimony is not in issue. We note that in moving for judgment of acquittal, defense counsel asserted that the marijuana was under the floor mat and that in final argument, the state asserted that it was found under the driver's seat.
It is undisputed that the conviction is founded on a theory of constructive, and not actual, possession. When pursuing a theory of constructive possession, the state must prove beyond a reasonable doubt that the accused had (1) dominion and control over the contraband, (2) knowledge the contraband was within his presence, and (3) knowledge of the illicit nature of the contraband.[1]Williams v. State, 573 So.2d 124, 125 (Fla. 4th DCA 1991).
*1179 The first question we are asked to consider is whether the inference that may be drawn from sole occupancy of a vehicle in which contraband is found, without more, is sufficient to prove a prima facie case of possession. We conclude that it is.
The purpose of the constructive possession doctrine is, as explained by the Minnesota Supreme Court,
to include within the possession statute those cases where the state cannot prove actual or physical possession at the time of arrest but where the inference is strong that the defendant at one time physically possessed the substance and did not abandon his possessory interest in the substance but rather continued to exercise dominion and control over it up to the time of the arrest.
State v. Florine, 303 Minn. 103, 226 N.W.2d 609, 610-11 (1975).
In Brown v. State, 428 So.2d 250, 252 (Fla.1983), the supreme court cited to Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967), with approval, for the following proposition:
If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused, the inference of knowledge is rebuttable and not conclusive.
Frank, 199 So.2d at 120. Thus, less evidence is required for a conviction when possession is exclusive. Id. In cases where possession is joint, the state must present additional evidence to support the inferences of knowledge and ability to control. Id.
In every constructive possession case, a determination is made as to whether "there is such a nexus or relationship between the defendant and the goods that it is reasonable to treat the extent of the defendant's dominion and control as if it were actual possession." United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990).
An inference of knowledge may be drawn in cases of exclusive constructive possession, establishing the requisite nexus. Scott v. State, 808 So.2d 166, 171 n. 6 (Fla.2002)(referring to the Medlin[2] inference which arises in cases of actual possession). We have previously construed "exclusive," in the possession context, to mean "vested in one person alone." Gartrell v. State, 609 So.2d 112, 114 (Fla. 4th DCA 1992), quashed on other grounds by, 626 So.2d 1364 (Fla.1993). Here, control of the vehicle was vested in Lee alone[3] and is, thus, exclusive, notwithstanding a lack of proof as to ownership or evidence as to how the vehicle came into Lee's possession. See State v. Paleveda, 745 So.2d 1026, 1028 (Fla. 2d DCA 1999) ("Knowledge of contraband found within an automobile or premises is generally inferred or presumed from one's exclusive possession thereof unless and until proven otherwise."); Parker v. State, 641 So.2d 483, 484 (Fla. 5th DCA 1994) (holding that, despite evidence that defendant's son drove vehicle earlier, defendant was driver and sole occupant and his exclusive possession of vehicle in which cocaine was found created inference that he had knowledge of cocaine); Jordan v. State, 548 So.2d 737, 739 (Fla. 4th DCA 1989) (defendant who was *1180 driver of automobile containing passenger was in exclusive possession of trunk in which cocaine was found, even though defendant claimed others had access to trunk).
Lee's presence, as driver and sole occupant of the vehicle at the time of his arrest, is sufficient to show he exclusively possessed the vehicle, creating an inference of his dominion and control and guilty knowledge of the marijuana. We recognize that generally a conviction based on the exclusive possession inference will be supported by additional evidence, either direct or circumstantial. See e.g. Smith v. State, 776 So.2d 957 (Fla. 3d DCA 2000) (firearm found in trunk of car in which defendant was driver and sole occupant and where bullets and magazine clip were found in defendant's pockets); Gaines v. State, 706 So.2d 47, 50 (Fla. 5th DCA 1998)(cocaine found in dresser drawer next to personal papers belonging exclusively to defendant and dresser was located in defendant's bedroom in house defendant rented and of which he was sole occupant); State v. Craig, 413 So.2d 863 (Fla. 1st DCA 1982)(weapon found in prison cell over which defendant maintained exclusive possession between September 10th through September 14th).
Although, here, there were no such additional factors, sole possession and control of the vehicle, alone, is prima facie evidence that Lee maintained exclusive possession over the vehicle. Therefore, Lee's knowledge and ability to control the marijuana may be inferred by the jury. See Chicone v. State, 684 So.2d 736, 740 (Fla. 1996).
We conclude that the state's evidence was sufficient to support an inference that Lee had constructive possession of the marijuana in the vehicle. Therefore, the court did not err in denying Lee's motion for judgment of acquittal.
We turn to the second issue, whether the trial court erred by failing to instruct the jury on the state's burden to prove knowledge of the illicit nature of the substance possessed, even though he did not request the instruction. Lee argues that the court's failure to sua sponte charge the jury on this element of the offense is fundamental error.
In State v. Delva, 575 So.2d 643 (Fla. 1991), however, the supreme court held that the erroneous failure to instruct on knowledge of the illicit nature of the substance possessed by the defendant is not fundamental error and can only be preserved for appeal by proper objection, notwithstanding that the instruction relates to an element of the offense. In Delva, as here, the defendant was in exclusive possession of a car and the contraband was found under the front seat. Id. at 645. His defense was that he did not know that the package was in the car. Id. at 643. In that case, there was also evidence that other persons had access to the vehicle. Id.
We recognize that in Scott, the supreme court, refining its opinion in Chicone, held that it is not only error to deny a requested instruction on the need to prove knowledge of the illicit nature of the substance in a possession case, even when the element is not in issue and the defendant is in exclusive control, but that such error cannot be deemed harmless. Scott, 808 So.2d at 172. Scott, however, did not address the question of fundamental error. To the contrary, it repeatedly emphasized that error in that case was in failing to give the requested "Chicone" instruction. We also note that the court, in Scott, had an opportunity to address fundamental error because the request for the instruction in that case was oral, rather than written. See id. at 169 n. 3, 174 (Harding, J., dissenting). The court declined to consider *1181 the absence of a written request because the issue was not addressed in the district court opinion under review.
We recognize that some of the reasoning in Delva, would be inapplicable subsequent to Chicone and Scott. In Delva, the court reasoned that because knowledge of the illicit nature of the substance was not at issue in the case, as the defendant denied knowledge of the package altogether, the failure to instruct on that element could not be fundamental error. In Scott, however, the court decided that a defendant is not required to put guilty knowledge in dispute in order to be entitled to the Chicone instruction, as knowledge of the illicit nature of the substance is placed in issue by a plea of not guilty. The supreme court opinions, therefore, may conflict in this regard.
Had it not been for Delva, we might have reversed on this issue, interpreting the language in Scott to mean that the failure to give the Chicone instruction is, per se, fundamental error. The supreme court, however, has recently cautioned the district courts against failing to follow the dictates of a prior supreme court opinion, despite its possible conflict with a subsequent supreme court opinion. Puryear v. State, 810 So.2d 901 (Fla.2002).
But for the recent enactment of section 893.101, Florida Statutes, effective May 13, 2002, we would have certified this issue to the supreme court. However, we decline to do so here in light of the legislative clarification, notwithstanding that the statute is inapplicable to offenses committed prior to its effective date.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] The legislature has subsequently enacted section 893.101, Florida Statutes (2002), having prospective effect, to clarify that knowledge of the illicit nature of the controlled substance is not an element of possession but an affirmative defense.
[2] State v. Medlin, 273 So.2d 394 (Fla. 1973).
[3] There being no evidence indicating otherwise.