862 So.2d 56 (2003)
STATE of Florida, Appellant,
v.
Marlon Deltwan ODOM, Appellee.
No. 2D02-3270.
District Court of Appeal of Florida, Second District.
October 10, 2003.
*58 Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellee.
SALCINES, Judge.
The State appeals an order granting Marlon Deltwan Odom's motion for judgment of acquittal after a jury found him guilty of possession of cocaine.[1] The trial court erred in granting Odom's motion because the evidence was sufficient to support the jury's verdict in light of the inferences or presumptions which arise from one's exclusive possession of an automobile in which illegal contraband is found. See Garcia v. State, 854 So.2d 758 (Fla. 2d DCA 2003). Hence, we reverse the order acquitting Odom of possession of cocaine.
Odom was found guilty, by a jury, of possession of cocaine as well as possession of marijuana. Following the reception of the verdict, Odom filed a motion entitled "Motion for Judgment Notwithstanding Verdict." The argument contained within his motion challenged the sufficiency of the evidence to withstand his motions for judgment of acquittal for possession of cocaine. See Fla. R.Crim. P. 3.380. The trial court granted Odom's motion and acquitted him of possession of cocaine.
On appeal, the parties maintain that the present case concerned Odom's constructive, rather than actual, possession of cocaine in violation of section 893.13(1)(a), Florida Statutes (2001). The cocaine was found in an automobile in a closed black film cannister lodged between the driver's seat and the console of the car. Odom was the driver and the sole occupant of the automobile when it was stopped.[2]
In order to establish constructive possession, the State had to prove that Odom, whose offense took place on October 2, 2001, had dominion and control over *59 the contraband, had knowledge that the contraband was within his presence, and had knowledge of the illicit nature of the contraband. See Garcia, 854 So.2d at 762-64; but see Lee v. State, 835 So.2d 1177, 1178 n. 1 (Fla. 4th DCA 2002) (noting that the legislature enacted section 893.101, Florida Statutes (2002), which has prospective application, to clarify that knowledge of the illicit nature of the controlled substance is not an element of possession but is, rather, an affirmative defense). As the sole occupant and driver of the vehicle, Odom had exclusive possession of the vehicle creating an inference of his dominion and control over the contraband contained therein particularly since the contraband was found lodged between the driver's seat and the console of the car. See Lee, 835 So.2d at 1180. Likewise, knowledge of the presence of the contraband and its illicit nature could be inferred or presumed because Odom was in exclusive possession of the automobile when it was stopped. See Garcia, 854 So.2d at 762-64; see also Lee, 835 So.2d at 1180.
At trial, Odom did not present any witnesses. Odom developed his defense theory during cross-examination of the State's witnesses. Odom's defense was based on the assertion that the automobile in which the drugs were found was a rental vehicle for which his sister had signed the lease as a co-lessee. While the presumption of guilty knowledge may be overcome by evidence tending to show a lack of guilty knowledge, merely demonstrating that others theoretically had access to the automobile would not necessarily negate the presumption. See Garcia, 854 So.2d at 762-64. Indeed, such evidence appears to present a jury question concerning whether the possession was exclusive. See Parker v. State, 641 So.2d 483 (Fla. 5th DCA 1994). In the present case, the jury rejected Odom's defense theory. 762-64
In matters such as the present, which concern a trial court's order granting a motion for judgment of acquittal entered after a jury's verdict of guilt, this court conducts a de novo review of the record to determine whether sufficient evidence supports the jury's verdict. See State v. Powell, 636 So.2d 138 (Fla. 1st DCA 1994) (finding competent substantial evidence in the record to support the jury's guilty verdict, the court reversed order granting motion for judgment of acquittal).
A motion for judgment of acquittal is designed to challenge the legal sufficiency of the evidence. State v. Williams, 742 So.2d 509, 510 (Fla. 1st DCA 1999). If the State presents competent evidence to establish each element of the crime, a motion for judgment of acquittal should be denied. Id. at 510. A trial court should not grant a motion for judgment of acquittal unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt. Id.
In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the State that the fact finder might fairly infer from the evidence. Williams, 742 So.2d at 510 (citing Lynch v. State, 293 So.2d 44, 45 (Fla.1974)). It is the trial judge's task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. Williams, 742 So.2d at 510 (citing State v. Law, 559 So.2d 187, 189 (Fla.1989)).
In the present case, there was sufficient evidence to support the jury's verdict of guilt. Thus, the trial court erred in granting *60 Odom's motion for judgment of acquittal for possession of cocaine.
Reversed and remanded for further proceedings consistent herewith.
CASANUEVA and SILBERMAN, JJ., Concur.
NOTES
[1] Odom was also found guilty of possession of marijuana but he does not challenge his conviction for that offense.
[2] Odom was immediately arrested, after the vehicle was stopped, pursuant to an outstanding warrant apparently on an unrelated matter. The search of the vehicle was conducted incident to his arrest.