PER CURIAM.
Defendant entered a no contest plea in two separate cases charging robbery with a deadly weapon while wearing a mask and attempted robbery with a deadly weapon. He was duly sentenced and filed a timely rule 3.800(b)(2) motion to correct sentencing errors. Because the trial judge entered no ruling on his motion within the time prescribed by rule 3.800(b)(1)(B), the motion is deemed denied. He appeals.
We accept the State’s concession of error as to the first issue. We agree that the 10-year minimum mandatory provision on the robbery charge in the second ease (number 2002-2571 CF) was not pronounced at sentencing, and consequently the written sentence is in error. We strike the minimum mandatory provision from the written sentence.
As to the second issue, the trial court imposed prosecution and investigating costs in favor of the Sheriff. The State also correctly concedes that this was error. To impose costs under section 938.27, Florida Statutes (2003), the agency expending the costs must specifically request reimbursement and provide documentation to the court. Ortiz v. State, 884 So.2d 77, 78 (Fla. 2d DCA 2004). No such request or documentation was made or provided. We therefore reverse the imposition of these costs.
STONE, POLEN and FARMER, JJ., concur.