LEVINE, J.
 

 The jury convicted appellee, Robert Ko-negen, of uttering a forged or false instrument. After the jury returned its guilty verdict, the trial judge granted a defense motion for a judgment of acquittal based on
 
 Linn v. State,
 
 921 So.2d 830 (Fla. 2d DCA 2006). On appeal, the state argues that the trial court erred in granting the motion. Based on the specific facts of this case, we agree with the state and find the court’s reliance on
 
 Linn
 
 to be misplaced.
 

 The standard of review was summarized in
 
 State v. Burrows,
 
 940 So.2d 1259, 1261-62 (Fla. 1st DCA 2006):
 

 A trial court’s ruling on a motion for judgment of acquittal is reviewed de novo to determine whether the evidence is legally sufficient to support the jury’s verdict.
 
 See Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). In criminal cases, legal sufficiency, as opposed to eviden-tiary weight, is the appropriate concern of the district court, and a heightened standard of proof required in a trial court does not change the standard of review here.
 
 See McKesson Drug Co. v.
 
 
 *699
 

 Williams,
 
 706 So.2d 352, 353-4 (Fla. 1st DCA 1998). It is well settled that, when reviewing a judgment of acquittal, the appellate court must apply the competent, substantial evidence standard and “consider the evidence and all reasonable inferences from the evidence in a light most favorable to the [Sjtate.”
 
 Jones v. State,
 
 790 So.2d 1194, 1197 (Fla. 1st DCA 2001) (en banc) (citations omitted);
 
 see also, Darling v. State,
 
 808 So.2d 145, 156 (Fla.2002). “If the State has presented competent evidence to establish every element of the crime, then a judgment of acquittal is improper.”
 
 State v. Williams,
 
 742 So.2d 509, 511 (Fla. 1st DCA 1999).
 

 At this trial, a bank teller testified that appellee asked her to cash a $5,000 cashier’s check, which subsequently turned out to be invalid. The teller testified that appellee did not mention any concerns about the validity of the check and had never asked her to determine if the check was real. A detective, however, testified that appellee confessed that he told the bank teller that he did not know if the check was “fake or not.” After the trial court denied his motion for judgment of acquittal at the close of the state’s case, the appellee took the stand. The appellee testified that he worked for a real estate company for two months and that he received the check from a potential customer for the purpose of renting a property. He never met the prospective renter, a contract was not signed, and communication was only by email. Appellee also stated that he did not know anything about the person whose signature was on the check. He explained that he was suspicious about the check’s validity because it was made out for more than the renter was required to pay. Appellee claimed that he feared the check was part of a “money-laundering scheme,” which was why appellee says he related his fears regarding the check’s validity to the teller.
 

 The trial court granted the motion for judgment of acquittal, after the jury found him guilty as charged. The trial court relied exclusively on
 
 Linn,
 
 a case in which the court reversed the defendant’s conviction for uttering a forged instrument.
 

 In that case, Linn attempted to cash a forged personal check.
 
 Linn,
 
 921 So.2d at 832. The person whose name was forged did not know when or how he lost the check, and he had never seen Linn before.
 
 Id.
 
 Linn testified that he received the signed check from a man who had introduced himself as the person whose name was on the check. It was payment for maintenance work on a car.
 
 Id.
 
 at 833. Linn’s mother testified that she witnessed the man give him the check.
 
 Id.
 
 at 832.
 

 Linn argued that the circumstantial evidence presented by the state to prove that he had actual knowledge that the check had been forged
 
 [1]
 
 was consistent with his reasonable hypothesis of innocence.
 
 Id.
 
 at 834-35 (citing
 
 State v. Law,
 
 559 So.2d 187, 189 (Fla.1989)). The court found that the state had “presented no evidence that was inconsistent with Linn’s explanation” and therefore reversed the conviction.
 
 Linn,
 
 921 So.2d at 835.
 

 In this case, unlike
 
 Linn,
 
 the state presented evidence that was inconsistent with appellee’s explanation. Appellee claimed he informed the teller he was concerned about whether the check was real
 
 *700
 
 and asked the teller to verify it. The teller testified that appellee did not tell her he was concerned about the validity of the check and had not asked her to verify its validity. Here, the teller’s testimony directly contradicted the appellee’s testimony, creating an issue of fact.
 

 Where there is contradictory, conflicting testimony, “the weight of the evidence and the witnesses’ credibility are questions solely for the jury,” and “the force of such conflicting testimony should not be determined on a motion for judgment of acquittal.”
 
 State v. Shearod,
 
 992 So.2d 900, 903 (Fla. 2d DCA 2008) (quoting
 
 Fitzpatrick v. State,
 
 900 So.2d 495, 508 (Fla.2005), and citing
 
 Darling v. State,
 
 808 So.2d 145, 155 (Fla.2002)). Accordingly, we reverse the order granting the judgment of acquittal and remand with directions to reinstate the jury’s verdict, enter judgment, and sentence the appellee.
 

 Reversed and Remanded with directions.
 

 DAMOORGIAN and GERBER, JJ., concur.
 

 [1]
 

 . Section 831.02, Florida Statutes (2008), titled “Uttering forged instruments,” states as follows:
 

 Whoever utters and publishes as true a false, forged or altered record, deed, instrument or other writing mentioned in s. 831.01 knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.