DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DALE L. ALLEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2084

[August 12, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 09007998 CF10A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Dale Allen ("Defendant") argues that the court's imposition of a statutory fee was inappropriate because he was acquitted of the charge related to the fee, and there were no crime laboratory costs associated with the two charges for which he was convicted. Further, he asserts that no agency requested reimbursement for their investigative fees as required by the statute. For the reasons set forth below, we agree with Defendant and reverse the portion of his sentence imposing the $554.59 fee.

Defendant was charged with possession of a firearm by a convicted felon, resisting officers with violence, and giving a false name to law enforcement officers. The jury returned a verdict of not guilty on the firearm charge, guilty of the lesser-included offense of resisting an officer without violence, and guilty of giving a false name to a law enforcement officer. After accepting Defendant's plea to another case and sentencing him to 180 days in jail, the trial court adjudicated him guilty on the counts for which he was convicted and sentenced him to a concurrent

180 days in jail. The trial court also entered an order assessing a $554.59 investigative fee pursuant to section 938.27 of the Florida Statutes.

Section 938.27(1) states:

> In all criminal and violation-of-probation or community-control cases, convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies, by fire departments for arson investigations, and by investigations of the Department of Financial Services or the Office of Financial Regulation of the Financial Services Commission, *if requested by such agencies.* The court shall include these costs in every judgment rendered against the convicted person. *For purposes of this section, 'convicted' means a determination of guilt,* or of violation of probation or community control, which is a result of a plea, trial, or violation proceeding, regardless of whether adjudication is withheld.

§ 938.27(1), Fla. Stat. (2009) (emphasis added).

Defendant's motion to correct the sentence, filed under Florida Rule of Criminal Procedure 3.800(b)(2), requested "an order striking the investigative costs for crime laboratory analysis, or, if appropriate, a certificate of the payment of the $554.59 he may have paid" to the clerk's office. The trial court entered no ruling on his motion, and it was deemed denied. *See Felton v. State*, 939 So. 2d 1159, 1159 (Fla. 4th DCA 2006).

The State argues that Defendant may not appeal the imposition of the fee in this case because he raised no objection to the oral pronouncement imposing the fee, and because the imposition of the fee was apparently part of the plea agreement. We disagree with both arguments.

First, despite the State's assertions, it is well-settled that a defendant may raise unpreserved sentencing errors under a rule 3.800(b)(2) motion. *See Jackson v. State*, 983 So. 2d 562, 568-69 (Fla. 2008). The type of error present here is contemplated in a rule 3.800(b)(2) motion. *Id.* at 572 (stating that a "trial court improperly assess[ing] costs" is a sentencing error that is "subject to" rule 3.800(b)(2)); *see also Felton*, 939 So. 2d at 1159 (granting defendant's rule 3.800(b)(2) motion and

reversing the trial court's imposition of "prosecution and investigative costs").

In *Felton*, the defendant was sentenced after entering a no contest plea, and the trial court imposed "prosecution and investigative costs" pursuant to section 938.27. 939 So. 2d at 1159. The defendant filed a timely rule 3.800(b)(2) motion to correct sentencing errors, and this court found that the imposition of such costs was in error because the agency requesting the costs failed to specifically request reimbursement and provided no documentation to the court. *Id.* In light of both *Jackson* and *Felton*, it is clear that Defendant properly preserved the issue regarding the trial court's imposition of the investigative fee by filing a timely rule 3.800(b)(2) motion.

Second, despite the State's assertions, it is not clear from the record that the firearm fee was agreed to as part of the plea negotiations. Defense counsel never indicated this firearm fee was part of the plea agreement, and only stated to the court that "we've discussed it." *See Sitek v. State*, 700 So. 2d 119, 120 (Fla. 2d DCA 1997) (finding the imposition of a laboratory fee "must be affirmed because the [defendant] agreed to pay it in [a] written plea agreement"). The State contends it may be assumed that the fee was part of the plea agreement by acquiescence due to defense counsel's statement. However, the response, "we've discussed it," without more, is not indicative of an express agreement. Further, a review of the record reflects that the fee was not included as part of Defendant's written plea agreement.

"While 'the trial court has broad discretion to determine the amount and type of costs of prosecution to be assessed against a convicted person,' the design of [section 938.27] is 'to compensate the state for the expenses of prosecution associated with individual violations.'" *Leyritz v. State*, 93 So. 3d 1156, 1158 (Fla. 4th DCA 2012) (quoting *Davis v. State*, 42 So. 3d 807, 809-10 (Fla. 1st DCA 2010)) (finding that when defendant was acquitted of a felony charge and convicted of a lesser-included misdemeanor, the trial court could impose costs for only the misdemeanor conviction). As such, a defendant who is acquitted or discharged of a crime is not liable for any of the costs or fees associated with that crime, absent an express agreement.

Based on the foregoing, we reverse the $554.59 fee imposed by the court at sentencing. Since Defendant was found not guilty of the possession of a firearm charge, and no agency requested the fee or provided documentation to the court, *see Felton*, 939 So. 2d at 1159,

assessing the fee pursuant to section 938.27 was improper. We affirm on all other issues raised by Defendant in this appeal.

*Affirmed in part; Reversed in part.*

TAYLOR and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4