CONNER, J.
The State appeals the trial court’s post-trial order granting Johnson’s motion for judgment of acquittal as to a trafficking in cocaine charge, after a jury returned a verdict finding Johnson guilty of the trafficking offense, as well as fleeing and eluding. On appeal, the State argues that it provided sufficient evidence to show that Johnson had dominion and control over the cocaine, the factor upon which the trial court based its order. We agree, and reverse for reentry of the jury verdict and sentencing.

Factual History and Procedural Posture

At trial, a detective testified that on the day of the incident, he was driving an unmarked police vehicle that was outfitted with a siren and lights. A deputy was riding with him in the front passenger seat. At some point, he saw a Ford Edge traveling on the road, and noticed that the driver of the Edge did not have on a seatbelt. He identified Johnson as the driver of the Edge, and testified that there was a passenger riding in the front seat of the vehicle, but no one in the backseat.
He followed the Edge until it pulled into the driveway of an abandoned or empty house. At that time, the detective activated his lights, and said, “Sheriffs Office. Stop,” over the loudspeaker. The deputy then exited from the passenger’s side of the police vehicle and approached the Edge. The Edge then took off, so the detective, leaving the deputy behind, pursued.
During the pursuit, the Edge made a turn, and the detective followed. He saw a few people in front of a mechanic’s shop pointing down another road, so he turned there to continue following the Edge. Then, he saw an arm come out of the passenger’s side window, and throw a softball-sized item out of the Edge. The detective testified that the brake lights of the Edge came on contemporaneously with the item being thrown and the Edge slowed down, but the detective could not tell whether it was the passenger or Johnson who threw the item. Another witness, one of the individuals standing in front of the mechanic’s shop, testified that he saw what appeared to be a bag thrown from the window, but did not see the Edge slow down before the item was thrown. When the witness went to see what was thrown, he observed a bag containing a white substance about the size of an avocado. The detective testified that he was communicating with his sergeant during the pursuit. The sergeant called off the chase, whereupon the detective circled back around, and saw the Edge broken down on the side of the road.
The two occupants were taken into custody, and the detective, with his K-9, returned to where he saw the item thrown from the vehicle. The detective recovered three sandwich baggies containing a white powdery substance, all within another sandwich baggie, and a fourth sandwich baggie with a white powdery substance, about a foot in front of the other bundle of baggies. The substance was later tested, and it was determined to be fifty-six grams of cocaine. The detective ran Johnson’s driver’s license: it was valid, and he had no active warrants. The Edge, Johnson, and the passenger were also checked, and nothing illegal was found on them.
After the State’s case-in-chief, Johnson moved for a judgment of acquittal, arguing that the State did not prove his possession of the cocaine, and the trial court reserved ruling as to the trafficking count. Johnson called a witness, the occupant of a house near where the cocaine was found, who *26 testified that she saw the Edge cut down a street and slow down a bit, but then testified that she saw a plastic bag fly out of the driver’s side window, as opposed to the passenger’s side window. She also testified that she saw a third occupant, a person in the backseat of the Edge.
After deliberating, the jury found Johnson guilty of fleeing and eluding and trafficking in cocaine. Johnson filed a written motion for judgment of acquittal, arguing that the State did not provide any evidence that Johnson had dominion and control over the cocaine. The trial court granted Johnson’s motion for judgment of acquittal as to the trafficking in cocaine count, but adjudicated Johnson guilty of the fleeing and eluding count, and sentenced Johnson to serve thirty months in prison, followed by thirty months of probation, This appeal follows.

Appellate Analysis

“In matters such as the present, which concern a trial court’s order granting a motion for judgment of acquittal entered after a jury’s verdict of guilt, this court conducts a de novo review of the record to determine whether sufficient evidence supports the jury’s verdict.” State v. Odom, 862 So.2d 56, 59 (Fla. 2d DCA 2003).
Most of the evidence showed that the cocaine was thrown from the passenger’s side window, although there was testimony by Johnson’s witness that it came from the driver’s side window.[1] Regardless of which window the cocaine was thrown from, however, the State was able to show that Johnson had constructive possession of the cocaine. “To convict a defendant for possession of a controlled substance under a constructive possession theory, the State must prove that ‘the defendant had knowledge of the presence of the drug and the ability to exercise dominion and control over the same.’ ” Brown v. State, 8 So.3d 1187, 1188 (Fla. 4th DCA 2009) (quoting Martoral v. State, 946 So.2d 1240, 1242 (Fla. 4th DCA 2007)).
The knowledge element in this case is not at issue. However, “[i]t is conceivable that an accused might be well aware of the presence of the substance but have no ability to maintain control over it.” Jean v. State, 638 So.2d 995, 996 (Fla. 4th DCA 1994). Therefore, even though the State was able to provide sufficient evidence to show that Johnson had knowledge of the cocaine, this is not necessarily determinative of the fact that he had the ability to exercise dominion and control over the same.
The factors that the State relies upon most for reversal is that Johnson fled from the police vehicle and slowed down the Edge while the cocaine was seen being thrown out from the window. “Where the evidence of guilt is wholly circumstantial ... the following standard applies: not only must the evidence be sufficient to establish each element of the offense, but the evidence also must be inconsistent with any reasonable hypothesis of innocence proposed by the defendant.” Twilegar v. State, 42 So.3d 177, 188 (Fla.2010) (citing Pagan v. State, 830 So.2d 792, 803 (Fla.2002)).
We agree that the evidence provided by the State is inconsistent with Johnson’s reasonable hypothesis of innocence: that it was the passenger, and the passenger alone, who had dominion and *27 control over the cocaine, and that he was simply driving the vehicle. First, the most persuasive piece of evidence is that the detective (as well as Johnson’s own witness) testified that the Edge slowed down as the cocaine was thrown from the window. This is certainly inconsistent with Johnson’s claim that he did not have the ability to exert dominion and control over the cocaine, because it shows that he purposefully slowed the vehicle to assist the passenger in disposing of the cocaine. “In many instances ... the ability to control narcotics will be inferred from the ability to exercise control over the premises where they are found.” Jennings v. State, 124 So.3d 257, 263 (Fla. 3d DCA 2013) (quoting Johnson v. State, 456 So.2d 923, 924 (Fla. 3d DCA 1984)) (internal quotation marks omitted). In Jennings, the Third District further explained the parameters of the dominion and control analysis:
Properly understood, the rule of Brown[ v. State, 428 So.2d 250 (Fla. 1983) ], as applied to contraband found in a jointly occupied vehicle, can be stated simply as follows: generally, evidence that the defendant knew contraband was in the vehicle and had control of the vehicle is sufficient to create a jury question on the issue of dominion and control.
Id. (emphasis added).
“It is commonly understood that dominion and control of an item includes the ability to knowingly manipulate the movement of the item.” Hudson v. State, 198 So.3d 935, 940 (Fla. 4th DCA 2016) (Conner, J., dissenting). Additionally, “control” is defined as “[t]o exercise power or influence over.” Black’s Law Dictionary (10th ed.2014). The fleeing and slowing by Johnson certainly shows that he not only had the ability to exert control over the vehicle, but purposefully manipulated the vehicle, and thus the cocaine contained therein, in such a way as to prevent discovery by officers. We find these factors to be key to the determination of Johnson’s ability to maintain dominion and control over the cocaine.
Although the State’s other witness, who was in front of the mechanic’s shop, testified that the Edge did not slow down, “the force of such conflicting testimony should not be determined on a motion for judgment of acquittal.” State v. Konegen, 18 So.3d 697, 700 (Fla. 4th DCA 2009) (quoting State v. Shearod, 992 So.2d 900, 903 (Fla. 2d DCA 2008)). Therefore, the evidence provided by the detective, that he observed the Edge slow down as the contraband was thrown from the window, was enough for the State to survive a motion for judgment of acquittal.
We therefore reverse the trial court’s order granting Johnson’s motion for judgment of acquittal, “and remand with directions to reinstate the jury’s verdict, enter judgment, and sentence” Johnson. Id.

Reversed and remanded for further proceedings.

GERBER and KLINGENSMITH, JJ„ concur.

. We note that Johnson’s evidence that the cocaine was thrown from the driver’s window would add evidence in favor of the State. In his answer brief, Johnson makes no argument concerning the testimony of his witness. Instead, his arguments on appeal are framed from the viewpoint that the evidence showed the cocaine was thrown from the passenger window.