DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ALEXANDER LEE,**
Appellee.

No. 4D16-2269

[November 15, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 14-17168CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellee.

LEVINE, J.

The state appeals the trial court's entering a judgment of acquittal after a jury found appellant guilty of possession of cocaine. We find that, when viewing the facts in the light most favorable to the state, the trial court erred in granting the judgment of acquittal and, as such, we reverse.

Police stopped appellee's car after seeing him park at a house, whereupon a man entered the passenger side of the car for a few minutes and then left. The officers' subsequent search of the car revealed a small rock of crack cocaine on the sliding track under the driver's seat. The evidence at trial established that the car's registration "came back to" appellee, but there was no evidence as to whether he owned the car or whether anyone else drove or rode in the vehicle regularly.

The jury returned a guilty verdict. The trial court then granted appellee's motion for judgment of acquittal, stating:

And I'm surprised the jury came back the way they did. But under these facts, there is definitely zero evidence to show that

[appellee] was reaching that way, had thrown something that way, had made no statements. The only evidence in this case was he was driving the vehicle.

. . . .

You go rent a car, you borrow somebody's car, you have to start searching now all the different crevasses to be sure there's not a crack rock there. I don't think that's what the law is designed for.

The state is permitted to appeal a judgment of acquittal entered after a jury verdict. *See* § 924.07(j), Fla. Stat. (2009); Fla. R. App. P. 9.140(c)(1)(E). No double jeopardy issue arises because, if there is a reversal, all that is necessary is a reinstatement of a verdict, not a retrial. *State v. Rincon*, 700 So. 2d 412, 414 (Fla. 3d DCA 1997).

We review de novo whether the evidence is legally sufficient to support the trial court's granting of a judgment of acquittal. *State v. Konegen*, 18 So. 3d 697, 698 (Fla. 4th DCA 2009). We apply the competent substantial evidence standard considering the evidence in the light most favorable to the state to decide whether a judgment of acquittal is proper. *Id.* at 699.

"In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the State that the fact finder might fairly infer from the evidence." *State v. Odom*, 862 So. 2d 56, 59 (Fla. 2d DCA 2003). A trial court should not grant a motion for judgment of acquittal "unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt." *Id.* If the state establishes a prima facie case of guilt, a trial court errs in granting a motion for judgment of acquittal.

A defendant may be convicted of possession if he is found to be in constructive possession of contraband. Constructive possession can be proven by showing that the defendant had knowledge of the presence of the contraband and that he exercised control over it. *Ubiles v. State*, 23 So. 3d 1288, 1291 (Fla. 4th DCA 2010). "If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred." *Lee v. State*, 835 So. 2d 1177, 1179 (Fla. 4th DCA 2002) (citation omitted). This rebuttable inference stands even when the state offers no evidence of how the defendant came to possess the vehicle in which drugs were found. *Id.* at 1180.

2

For instance, in *Odom*, the defendant was presumed to have knowledge of the cocaine found in his car because the car was in his exclusive possession. 862 So. 2d at 58. The Second District therefore reversed the judgment of acquittal because there was sufficient evidence, in light of the presumption, to support the jury's guilty verdict. *Id.* at 59.

Similarly, we have reversed with orders to reinstate a jury verdict when a trial court's judgment of acquittal invaded the province of the jury by essentially re-weighing conflicting evidence. *See Konegen*, 18 So. 3d at 700 (noting that "the force of . . . conflicting testimony should not be determined on a motion for judgment of acquittal") (citation omitted). We have also reversed a judgment of acquittal when it was reasonable for a jury to conclude, based on the evidence, that every element of the charged crime was satisfied. *See State v. Herron*, 70 So. 3d 705, 707 (Fla. 4th DCA 2011) (reversing for reinstatement of a burglary verdict when the jury reasonably found that the defendant remained in the dwelling with intent to commit a battery).

Here, the jury could have properly found appellee guilty of possession of cocaine under the theory of constructive possession. The evidence established that appellee was in possession and control of the car when the rock of cocaine was discovered. This alone is sufficient to establish a prima facie case of guilt. *See Lee*, 835 So. 2d at 1179 (concluding that the "inference that may be drawn from sole occupancy of a vehicle in which contraband is found" is enough to prove a prima facie case of possession).

The defense failed to introduce any evidence rebutting the presumption of knowledge that arose from appellee's control and possession of the car. The fact that another person had briefly been in the car, without more, does not negate the inference of constructive possession. *See id* (emphasizing that the presumption turns on whether *control* of the vehicle was "vested in [the defendant] alone") (citation omitted).

Because the evidence, viewed in a light most favorable to the state, established an unrebutted prima facie case of constructive possession, the trial court's entry of a judgment of acquittal was improper. *See Odom*, 862 So. 2d at 59. We therefore reverse and remand for the trial court to reinstate the jury's verdict and proceed with sentencing.

*Reversed and remanded for further proceedings.*

GERBER, C.J., and MAY, J., concur.

3

\*     \*     \*

*Not final until disposition of timely filed motion for rehearing.*