DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL BARTOLONE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3920

[May 26, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562018CF002764.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Michael Bartolone challenges the trial court's denial of his motion for judgment of acquittal ("JOA") with respect to his conviction for possession with intent to sell, manufacture, or deliver both Tetrahydrocannabinols ("THC") and more than twenty grams of cannabis.[1] He also appeals several costs and fees imposed by the court. As the State provided competent substantial evidence of joint constructive possession, we affirm the trial court's denial of Appellant's motion for JOA. However, as we find that Appellant preserved his challenge to the costs and fees, we accept the State's confession of error and reverse and remand for the trial court to strike the unrequested investigative costs, costs of prosecution, discretionary court costs, and fees for the Drug Abuse Trust Fund, as discussed below.

**Denial of Motion for JOA**

---

[1] Appellant does not appeal his conviction for use or possession of drug paraphernalia.

Both before and after the jury's verdict on the charges of possession with intent to sell, manufacture, or deliver THC and cannabis, Appellant moved for JOA, arguing that there was no evidence that he knew of and intentionally exercised control over the narcotics. He claimed he could not enter the residence where the drugs were found on his own, and he did not have sole possession of the house. The trial court initially reserved ruling on the motion. Following the trial and the jury's guilty verdict, the court denied the motion.

We review a motion for JOA de novo and will not reverse a conviction that is supported by competent substantial evidence. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002) (citing *Tibbs v. State*, 397 So. 2d 1120 (Fla. 1981), and *Donaldson v. State*, 722 So. 2d 177 (Fla. 1998)). "In moving for a judgment of acquittal, a defendant admits the facts in evidence and every conclusion favorable to the adverse party that may be fairly and reasonably inferred from the evidence." *Turner v. State*, 29 So. 3d 361, 364 (Fla. 4th DCA 2010). "A trial court should not grant a motion for [JOA] 'unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt.'" *State v. Lee*, 230 So. 3d 886, 888 (Fla. 4th DCA 2017) (quoting *State v. Odom*, 862 So. 2d 56, 59 (Fla. 2d DCA 2003)). "If the State establishes a prima facie case of guilt, a trial court errs in granting a motion for [JOA]." *Id.*

"A defendant may be convicted of possession if he is found to be in constructive [or joint constructive] possession of contraband." *Id.* A defendant has constructive possession where he "does not have actual, physical possession of the controlled substance, but knows of its presence on or about the premises, [and where he] has the ability to exercise and maintain control over the contraband." *Harris v. State*, 954 So. 2d 1260, 1262 (Fla. 5th DCA 2007); *see Ubiles v. State*, 23 So. 3d 1288, 1291 (Fla. 4th DCA 2010). Where contraband is discovered in jointly occupied premises, the State cannot infer such knowledge and control through the defendant's control over the premises, but it must introduce independent proof that the defendant had knowledge of and ability to control the contraband to "support the inference of a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession." *Bennett v. State*, 46 So. 3d 1181, 1184 (Fla. 2d DCA 2010) (internal quotations omitted); *State v. Odom*, 56 So. 3d 46, 50 (Fla. 5th DCA 2011).

Here, the State introduced evidence that while surveilling the property over the course of months, officers observed Appellant outside the property multiple times. They discovered Appellant's fingerprints on various items throughout the house – namely, a box of paraphernalia, a

2

grinder used to grind cannabis into smaller pieces, five separate THC vape cartridges, and a trash bag containing vacuum sealed baggies of cannabis residue.  Appellant also possessed a key to the residence.  Thus, the State introduced competent substantial evidence to support the denial of Appellant's motion for JOA and the jury's guilty verdict.  *See Pagan*, 830 So. 2d at 803 ("If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.").

## Imposition of Costs and Fees

In addition to sentencing Appellant to forty-five days in jail and two years of probation, the court also, *sua sponte*, ordered him to pay: (1) $50 for the cost of investigation; (2) $200 for the cost of prosecution; (3) $418 in court costs; (4) and a $125 assessment for the Drug Abuse Trust Fund. Appellant subsequently filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alleging sentencing error; this motion was not addressed by the trial court and is now before us as part of the appeal.

Appellant argues: (1) the court could not impose investigative costs under section 938.27, Florida Statutes (2019), because the investigating agency did not make a request for such costs, either on its own or through the State; (2) the court erred in imposing costs of prosecution in excess of $100 where the State did not request an increased fee, did not present evidence to support an increased fee, and did not provide notice to Appellant so that he could contest the increased fee; (3) the court could not impose discretionary costs of $418 without making the appropriate factual findings; and (4) the court could not assess fees for the Drug Abuse Trust Fund without first considering Appellant's ability to pay.

*A. Appellant's arguments regarding the costs were preserved for appeal.*

The State concedes that imposition of these costs and fees was error, but it argues that Appellant did not properly preserve this argument because he failed to make a contemporaneous objection at the sentencing hearing.  We reject the State's failure-to-preserve argument.

This court has consistently held that "a claim that the trial court improperly assessed costs in a sentencing order is an error that may be preserved in a Rule 3.800(b) motion." *Anderson v. State*, 229 So. 3d 383, 386 (Fla. 4th DCA 2017) (citing *Jackson v. State*, 983 So. 2d 562, 572–74 (Fla. 2008)); *Felton v. State*, 939 So. 2d 1159, 1159 (Fla. 4th DCA 2006)

(reversing the trial court's imposition of "prosecution and investigative costs" based on errors first raised in defendant's rule 3.800(b)(2) motion).

Recently, in *Ingalls v. State*, 304 So. 3d 21 (Fla. 4th DCA 2020), we held that, with respect to "the trial court impos[ing] numerous costs," the defendant "preserved his arguments by raising them in a motion to correct sentence." *Id.* at 21 (citing *Allen v. State*, 172 So. 3d 523, 524–25 (Fla. 4th DCA 2015)). In *Allen*, we addressed the State's argument that the appellant "may not appeal the imposition of the fee in this case because he raised no objection to the oral pronouncement imposing the fee," responding that "despite the State's assertions, it is well-settled that a defendant may raise unpreserved sentencing errors under a rule 3.800(b)(2) motion." 172 So. 3d at 524–25; *see also Gardner v. State*, 308 So. 3d 1106, 1107 (Fla. 2d 2020) (citing to *Ingalls* as support for a remand to correct the "improper imposition of costs" that was raised in a 3.800(b)(2) motion); *Gedehomme v. State*, 160 So. 3d 533, 534 (Fla. 2d DCA 2015) ("A rule 3.800(b)(2) motion is the appropriate mechanism to seek relief from the erroneous imposition of costs.").

*B. The trial court erred in imposing certain costs and fees.*

(1) <u>Investigative costs of $50</u>. Although section 938.27(1), Florida Statutes (2019), provides that "[i]n all criminal . . . cases, convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies," these costs are imposed "if requested by such agencies." *Id.*; *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019) ("Trial courts cannot impose investigative costs 'where the record does not demonstrate that the [S]tate requested reimbursement for these costs.' If these costs are not requested by the State, they must be stricken and cannot be imposed on remand." (alteration in original and internal citation omitted) (quoting *Chambers v. State*, 217 So. 3d 210, 214 (Fla. 4th DCA 2017))). The State has stated that it has no objection to this cost being stricken.

(2) <u>Prosecution costs of $200</u>. Section 938.27(8) states that "[c]osts for the state attorney must be set in all cases at no less than . . . $100 per case when a felony offense is charged," and "[t]he court may set a higher amount upon a showing of sufficient proof of higher costs." *Id.* A challenge to whether the State has submitted "sufficient proof of higher costs" must be preserved at the sentencing hearing. *State v. Cremers*, 4D19-3723, 2021 WL 1657621, at *1 (Fla. 4th DCA Apr. 28, 2021) ("An objection to the sufficiency of the proof must be made contemporaneously with the assessment of costs. Because the proper documentation of the costs of prosecution is an evidentiary error in the sentencing process, it cannot be

preserved through a rule 3.800(b)(2) motion."). That is not the situation in this case, as there was *no* request for a higher amount. Accordingly, reversal of a cost of prosecution above the statutory minimum is warranted where, as here, the State never provided notice of intent to seek a higher amount, and no separate hearing was convened to provide the State with an opportunity to submit sufficient proof of higher costs. *See Brown v. State,* 189 So. 3d 837, 840 (Fla. 4th DCA 2015).

The State has stated that it has no objection to costs of prosecution in excess of $100 being stricken, but it requests another opportunity to request and present proof of the higher costs. Consistent with the Florida Supreme Court's opinion in *Richards v. State,* 288 So. 3d 574 (Fla. 2020), we hold that "the State's opportunity . . . has passed." *Id.* at 577. "Generally, a party does not get the proverbial 'second bite at the apple' when it fails to satisfy a legal obligation the first time around." *Id.* at 576. Thus, we deny the State's request for "another opportunity."

(3) <u>Court costs of $418.</u> The trial court also assessed $418 in court costs. We have held:

> In a criminal case, a trial court[] must assess a $100.00 fee in prosecution costs and a $225.00 fee where the defendant is convicted of a felony. *See* §§ 938.27(8), 938.05(1), Fla. Stat. (2017). *Trial courts may impose discretionary costs above these amounts, but where the trial court fails to make the appropriate factual findings regarding these costs, these fees will be reduced to the mandatory fee amounts. See Brown v. State,* 658 So. 2d 1058, 1059 (Fla. 2d DCA 1995). On remand, courts may reimpose discretionary costs if they are supported by the requisite factual findings. *See id.*; *accord Hogle v. State,* 250 So. 3d 178, 181 (Fla. 1st DCA 2018).

*Desrosiers,* 286 So. 3d at 300 (emphasis added). Here, the State concedes that it was error to impose court costs more than $225 without making the appropriate factual findings. In the answer brief, the State again requests an opportunity for the trial court "on remand to re-impose these additional costs if the State makes the requisite request and presents the requisite evidence and the judge makes the requisite findings." Per *Richards,* as discussed above, we deny this request and we strike the court costs in excess of $225.

(4) <u>Drug Trust Fund assessment of $125</u>. "In drug cases, the trial court may assess fees for the county drug abuse trust fund. *Desrosiers,* 286 So. 3d at 300 (citing § 938.23, Fla. Stat.). Moreover, "[t]he court is authorized

to order a defendant to pay an additional assessment if it finds that the defendant has the ability to pay the fine and the additional assessment and will not be prevented thereby from being rehabilitated or from making restitution." § 938.21, Fla. Stat. (2019).

Once again, the State concedes error and states that it has no objection to the $125 Drug Trust Fund assessment being stricken, but requests an opportunity on remand to establish "this additional assessment[.]" Again, per *Richards*, we deny this request and strike the $125 assessment.

## Conclusion

We affirm the trial court's judgment and sentence, with the exception of the sentencing errors discussed above. Therefore, we reverse with directions to strike: (1) the $50 investigative costs; (2) the costs of prosecution above $100; (3) discretionary court costs more than $225; and (4) the $125 assessment for the county drug abuse program.

*Affirmed in part, reversed in part with directions.*

WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6